SLIP OPINION

Cite as 2016 Ark. App. 486

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–16–240

| | |
|---|---|
| | Opinion Delivered: OCTOBER 19, 2016 |
| FLOYD DWAYNE DAFFRON<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NO. 66CR-12-61]<br><br>HONORABLE JAMES O. COX, JUDGE<br><br>AFFIRMED |

## KENNETH S. HIXSON, Judge

Appellant Floyd Dwayne Daffron appeals the sentencing order filed by the Sebastian County Circuit Court on March 4, 2016, revoking his suspended imposition of sentence (SIS) and sentencing him to serve 12 months' imprisonment and 108 months' SIS. On appeal, appellant's sole contention is that the State failed to present sufficient evidence to support the revocation. We affirm.

On April 4, 2012, appellant filed a negotiated plea of guilty to furnishing prohibited articles[1] and was sentenced to sixty months' SIS. The terms and conditions of his SIS, signed by both the trial court and appellant, included that appellant "not violate any federal, state,

---

[1]"A person commits the offense of furnishing a prohibited article if he or she knowingly: (1) Introduces a prohibited article into a correctional facility, the Arkansas State Hospital, or a youth services program; or (2) Provides a person confined in a correctional facility, the Arkansas State Hospital, or a youth services program with a prohibited article." Ark. Code Ann. § 5-54-119 (Repl. 2016).

or municipal law." On September 14, 2015, the State filed a petition to revoke, alleging that appellant violated the terms and conditions of his SIS on September 4, 2015 when he committed the offenses of driving while intoxicated and refusing to take a breath test. A revocation hearing was held on February 24, 2016.

At the hearing, Officer Jeffrey Lum testified that he stopped appellant on September 4, 2015, after he observed appellant riding a scooter on the sidewalk, "swaying side to side." Officer Lum testified that he noticed an odor of intoxicants and that appellant's eyes were bloodshot and watery. He also indicated that appellant had difficulty following his directions and that appellant admitted that he had had a few beers. After appellant failed the field–sobriety tests, Officer Lum took him to the jail for a breath test. After several attempts, Officer Lum was able to get only one sufficient reading of 0.23, and he was unable to get a final reading. Thus, Officer Lum testified that appellant was arrested for driving on suspension, driving while intoxicated, reckless driving, and refusing a breath test. Finally, the State introduced, without objection, a certified copy of a transcript of appellant's judgment regarding the incident described by Officer Lum. The document reflected that appellant had pleaded guilty to driving while intoxicated and had been sentenced to serve fourteen days in jail with credit for fourteen days served.

Appellant did not testify or offer any evidence of his own. At the conclusion of the hearing, the trial court revoked appellant's SIS and sentenced him to serve 12 months' imprisonment and 108 months' SIS, and this appeal followed.

A challenge to the sufficiency of the evidence may be raised for the first time in an appeal of a revocation in the absence of a motion for a directed verdict. *See Barbee v. State*,

SLIP OPINION

346 Ark. 185, 56 S.W.3d 370 (2001). In a revocation proceeding, the trial court must find by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his or her suspension or probation, and on appellate review, we do not reverse the trial court's decision unless it is clearly against the preponderance of the evidence. *Flemons v. State*, 2014 Ark. App. 131; Ark. Code Ann. § 16-93-308(d) (Supp. 2015). Because the burdens of proof are different, evidence that is insufficient for a criminal conviction may be sufficient for a probation or suspended-sentence revocation. *Bradley v. State*, 347 Ark. 518, 65 S.W.3d 874 (2002). Since determination of a preponderance of the evidence turns on questions of credibility and weight to be given testimony, we defer to the trial court's superior position. *Id.* Furthermore, the State need only prove that the appellant committed one violation of the conditions in order to revoke appellant's sentence. *Peals v. State*, 2015 Ark. App. 1, 453 S.W.3d 151.

Appellant contends that the trial court erred in revoking his SIS. Specifically, he argues that the State failed to show that he committed the offense of driving while intoxicated because the State failed to present any evidence or testimony to show that "the scooter in fact met the definition of being a motor vehicle." However, appellant's argument is without merit. The State introduced evidence that appellant had pleaded guilty to driving while intoxicated (second offense), which is a violation of Arkansas Code Annotated section 5-65-103(a) and is listed as an unclassified misdemeanor under Arkansas Code Annotated section 5-65-111(b)(1). Therefore, appellant's guilty plea to the incident was sufficient evidence for the trial court to find by a preponderance of the evidence that he had violated

a condition of his suspension—not to violate any federal, state, or municipal law.  Thus, we affirm.

Affirmed.

VAUGHT and BROWN, JJ., agree.

*David L. Dunagin*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kristen C. Green*, Ass't Att'y Gen., for appellee.