KENNETH S. HIXSON, Judge *880 After appellant Jerry Joseph Oliver pleaded guilty to residential burglary and theft of property, the trial court entered a sentencing order on November 6, 2013, sentencing Mr. Oliver to five years' imprisonment followed by a fifteen-year suspended imposition of sentence for the residential burglary conviction and a ten-year suspended imposition of sentence for the theft conviction. On December 16, 2015, the State filed a petition to revoke the suspended sentences, alleging that Mr. Oliver had violated the conditions of his suspensions by committing the new offenses of fleeing and driving on a suspended license. After a revocation hearing, the trial court found that Mr. Oliver had violated his conditions and it revoked his suspensions. The trial court entered a sentencing order on July 25, 2017, sentencing Mr. Oliver to fifteen years in prison for residential burglary and a ten-year suspended imposition of sentence for theft.
Mr. Oliver now appeals from his revocation and resulting sentences. He argues on appeal that there was insufficient evidence to revoke his suspensions because the only identification of him as the perpetrator of the new offenses was made from a suggestive and unreliable out-of-court identification. We affirm.
To revoke a suspended sentence, the trial court must find by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of the suspension. Ark. Code Ann. § 16-93-308(d) (Supp. 2017). We do not reverse a trial court's decision to revoke unless it is clearly against the preponderance of the evidence. Daffron v. State , 2016 Ark. App. 486, 505 S.W.3d 209. Because the burdens of proof are different, evidence that is insufficient for a criminal conviction may be sufficient for a revocation. Id. Since determinations of a preponderance of the evidence turn on questions of credibility and weight to be given testimony, we defer to the trial court's superior position. Id.
*881 Officer Sam Bass, an investigator for the Arkansas State Police, also became involved in the pursuit of the white truck that day. Officer Bass testified that, after learning about the pursuit of the white truck by other law enforcement, he gave chase in his unmarked vehicle. Officer Bass activated his lights and siren, but the driver of the white truck refused to stop. According to Officer Bass, he then pulled his vehicle beside the truck with his passenger window down, and he motioned for the man to pull over. The driver of the white truck looked at Officer Bass, nodded his head, and Officer Bass fell back in behind him. Instead of pulling over, the white truck went through a ditch and then a fence. Officer Bass did not see the suspect exit the truck nor was he the officer who arrested him.
On cross-examination, Officer Bass testified that they were traveling at about sixty m.p.h. when he pulled his vehicle beside the truck, that he was beside the truck for five or ten seconds, and that it was "long enough for me to acknowledge that he acknowledged seeing me." Officer Bass stated that the only photograph he was shown the next day at the jail was that of Mr. Oliver and that he recognized his face. Officer Bass acknowledged that he did not describe any facial features in his police report, and he could not remember what color clothing Mr. Oliver was wearing.
At the conclusion of the revocation hearing, Mr. Oliver's counsel made a motion to dismiss, stating:
Your Honor, we're going to move to dismiss based in part on the illegal lineup. The officer was shown merely one photo. It was overly suggestive. It violates my client's due process rights. There's been no evidence presented here today of who that vehicle actually belongs to. There's just some speculation of one officer about another officer that may have done some sort of digging as to who the vehicle belonged to. We've got two officers here that they didn't see-they didn't have a good look at the individual. A third officer that put nothing in his report about facial features, he just went down to the police station the next day and identified a single-person lineup basically. And there's no evidence-there's no confessions, no evidence that that vehicle belonged to my client and he had an insurance card of another vehicle. My client wasn't found in the vehicle. Your Honor, I'd argue that they have not met their burden here and shown by a preponderance of the evidence that my client is the individual they were in pursuit of that day.
The trial court found that, based on the testimony presented, Mr. Oliver had violated the conditions of his suspended sentences.
To the extent Mr. Oliver is arguing that Officer Bass's identification of him was inadmissible because it violated due process, we hold that this argument is not preserved for review. It is an appellant's obligation to obtain a ruling to preserve an issue for appellate review. Fisher v. State , 364 Ark. 216, 217 S.W.3d 117 (2005). During direct examination, Officer Bass testified without objection that he got a good visual of the man in the truck, and he identified him as Mr. Oliver. Later in his testimony, Officer Bass was asked about a previous out-of-court identification, to which Mr. Oliver objected because "there's been no foundation as to whether it was a lineup, picture, or anything like that." Instead of ruling on the objection, the trial court admonished the prosecutor to "give a little more foundation." The prosecutor did as instructed, and Officer Bass went on to testify that he was shown a photo the next morning at the jail, that he recognized the man in the photo as Mr. Oliver, and that there was no doubt in his mind that Mr. Oliver was the driver of the vehicle. After this foundation was developed, Mr. Oliver made no further objection; thus, the trial court never ruled on the issue of whether the identification procedure was unreliable. Although Mr. Oliver attempted to argue that the photo identification was overly suggestive and violated due process after the State had rested its case, this argument was made in his motion to dismiss for insufficient evidence after the testimony about the identification was already in evidence. At this point the argument came too late, and again no ruling was obtained. Therefore, we do not reach the merits of Mr. Oliver's claim that the identification testimony should not have been admitted.
Affirmed.