DAVID M. GLOVER, Judge
Jessica Vangilder appeals from the June 23, 2017 sentencing order revoking her probation in case number CR2014-1043. She contends the trial court erred in revoking her probation because 1) the State failed to show her failure to pay was willful, 2) the conditions of probation were not entered into evidence, and 3) the State *536 produced no evidence that she was aware she was to report on May 4 and May 9. We affirm.
There are two revocations on appeal concerning Vangilder, one revoking her probation in case number CR2014-1043, which is this appeal, and one revoking her probation in case number CR2017-41, which is also handed down this date. Both petitions to revoke were addressed in the same hearing on June 23, 2017.
In the instant appeal, Vangilder pleaded guilty to the underlying offense of possession of drug paraphernalia. The March 2, 2015 sentencing order shows she was sentenced to forth-eight months' probation. The conditions of her probation, which are part of the record, included 1) that she abstain from the use of alcoholic beverages, 2) that she abstain from illegal drug use, 3) that she report to the probation office as directed, and 4) that she pay all costs, fees, fines, and restitution ordered by the court.
On May 10, 2017, the State filed a petition to revoke in this case, alleging Vangilder violated the terms and conditions of her probation by 1) failing to report, 2) failing to pay court ordered fines and fees, and 3) failing to abstain from illegal substances. Stephanie Turner, Vangilder's probation officer, was the only witness to testify at the June 23 revocation hearing.
Turner testified she had been a probation officer for almost two years and currently served as Vangilder's probation officer. At first, she stated Vangilder had had two prior revocations, but on cross-examination she clarified that while two prior petitions had been filed, one was dismissed, leaving only one 2015 revocation for Vangilder before the two at issue in the June 23, 2017 revocation hearing. The basis for the 2015 revocation was Vangilder's failure to report.
Turner explained Vangilder's signed terms and conditions from case number CR2014-1043 were in Vangilder's file, and Carla Griswald, the administrative officer at the time, had gone over the conditions with Vangilder. Turner testified Vangilder was instructed to report on May 4, but failed to do so; two probation officers conducted a home visit and left instructions from Turner for Vangilder to report on May 9; and Vangilder failed to report on that date also.
Turner testified Vangilder was fourteen months behind in paying her supervision fees, currently owing $490. She said Vangilder also owed $1,345 in fines to Faulkner County.
Turner testified that on or about April 27, Vangilder tested positive for alcohol; she did not test Vangilder on that day; she got the information from "Lauren," the lab technician; Lauren sends them e-mails with lab results; and the e-mails go directly from Lauren to Turner's case file. On cross-examination, Turner explained there was no contact with Vangilder after she left the office on April 27, and she was placed in "abscond status."
On redirect examination, Turner stated Vangilder had been ordered to complete twenty-one hours of community service; and she had not completed any of those hours. She said the only record she had of Vangilder reporting to the probation office was on April 27, and the first time she actually met Vangilder was when Vangilder was arrested on May 22.
On recross-examination, Turner confirmed the only test she was aware of where Vangilder tested positive was the April 27 positive test for alcohol; and she did not have any drug tests printed and available at the hearing.
Vangilder put on no proof. At the close of the hearing, the trial court ruled from *537 the bench that Vangilder was in willful violation of the terms and conditions of her probation; that she failed to report; that she had a positive screen for alcohol; that she had not completed her community service; and that she was in arrears on all fines, fees, and costs, including her probation fees. In this appeal, the trial court ruled it was going to sentence Vangilder to thirty-six months in the Arkansas Department of Correction and that all fines, fees, and costs associated with the original conviction would be reinstated and due upon her release.
In order to revoke a probation or a suspended imposition of sentence, the trial court must find by a preponderance of the evidence that the defendant has inexcusably violated a condition of the probation or suspension. Springs v. State , 2017 Ark. App. 364, 525 S.W.3d 490. To sustain a revocation, the State need only show that the defendant committed one violation. Id. We will not reverse the trial court's findings unless they are clearly against the preponderance of the evidence. Id. Evidence that would not support a criminal conviction in the first instance may be enough to revoke probation or a suspended sentence. Id. Determining whether a preponderance of the evidence exists turns on questions of credibility and weight to be given to the testimony. Id.
For her first point of appeal, Vangilder contends the trial court erred in revoking her probation because the State failed to show her failure to pay was willful. The gist of her argument under this point is that she filed an affidavit of indigency, which established she was indigent and could not afford to hire an attorney. She argues that the affidavit was part of the official record on the day of the revocation hearing and showed she had no income, no personal property, and no real property. She further argues that even though she did not testify, the affidavit should have been considered and should have demonstrated her failure to pay was excusable. She recognizes that once the State put on evidence she was in arrears, the burden of moving forward with proof of a valid excuse shifted to her; but she argues that the ultimate burden of proving her failure to pay was inexcusable was still shouldered by the State and that it did not satisfy that burden. We disagree.
When an alleged violation involves the failure to pay court-ordered restitution, after the State has introduced evidence of nonpayment, the burden shifts to the defendant to provide a reasonable excuse for his or her failure to pay. Robertson v. State , 2015 Ark. App. 113, 2015 WL 830855. It is the defendant's obligation to justify the failure to pay, and this shifting of the burden of production provides an opportunity to explain the reasons for nonpayment. Id. Ultimately, the State has the burden of proving that the defendant's failure to pay was inexcusable. Id.
Here, the affidavit informed the court Vangilder was unable to afford an attorney, and the affidavit was submitted to the court outside the revocation hearing. She offered no explanation at the hearing regarding her failure to pay her court-ordered obligations. The trial court cannot be expected to know why she believed her failure to pay was excusable without proof of some sort. Her citation to legal authority does not support her contention that the mere filing of an affidavit of indigency-without introducing it at the revocation hearing or even developing an argument based on it-was sufficient to satisfy her burden of moving forward; neither do we find her argument convincing. We do not consider arguments that are unsupported by convincing argument or sufficient citation to legal authority.
*538 Harrison v. State , 2017 Ark. App. 580, 533 S.W.3d 146. The State met its burden of proving Vangilder's failure to pay; she did not then demonstrate why she was unable to do so. Robertson v. State , 2015 Ark. App. 113. We are not left with a definite and firm conviction the trial court made a mistake in finding that Vangilder's failure to pay was willful.
For her second point of appeal, Vangilder contends the trial court erred in revoking her probation because the conditions of probation were not entered into evidence. We do not address this issue because it was not preserved for appeal. Procedural objections must be raised at the trial-court level, and an argument that the State failed to introduce a copy of the terms and conditions of probation or a suspended sentence is procedural. Cotta v. State , 2013 Ark. App. 117. As we explained in Myers v. State , 2014 Ark. App. 720, at 3, 451 S.W.3d 588, 590 :
Myers couches his argument as a challenge to the sufficiency of the evidence, which is an argument that may be raised for the first time on appeal in an appeal of a revocation in the absence of a motion for directed verdict. See Barbee v. State , 346 Ark. 185, 56 S.W.3d 370 (2001). This court, however, has held that an argument that the State failed to introduce a copy of the terms and conditions of a suspended sentence is a procedural objection that must be raised before the circuit court. Cotta v. State , 2013 Ark. App. 117, 2013 WL 625735 ; Whitener v. State , 96 Ark. App. 354, 241 S.W.3d 779 (2006). Myers never objected to the State's failure to introduce the terms and conditions of his suspended sentence. Under Cotta and Whitener , therefore, Myers's first two arguments are not preserved for appeal.
Because we find no clear error in the trial court's finding that her failure to pay was willful, it is not necessary to address Vangilder's remaining point of appeal. The establishment of one violation is sufficient to support a revocation. Springs , supra.
Affirmed.
Abramson and Vaught, JJ., agree.