RITA W. GRUBER, Chief Judge
Appellant Jonathan Tomes appeals from an order of the Crawford County Circuit Court revoking his probation.[1] On appeal, appellant argues that the evidence is insufficient to support the revocation because there was no evidence that appellant "absconded" or that doing so violated the terms and conditions of his probationary sentence. We agree; therefore, we reverse and dismiss.
The State filed an amended information on July 8, 2013, charging appellant with delivery of hydrocodone under Ark. Code Ann. § 5-64-426(c)(1) ; appellant was also charged as a habitual offender under Ark. Code Ann. § 5-4-501. On January 29, 2014, appellant entered a negotiated plea of guilty to delivery of hydrocodone and was sentenced to sixty months' probation.[2] The sentencing order was entered February 21, 2014.
On March 27, 2018, the State filed a petition to revoke/show cause, which provided in pertinent part:
That on the 29th day of January, 2014, the Defendant appeared in Open Court with his attorney, Joshua Bugeja, and entered a plea of guilty to the offense of Delivery of Hydrocodone (5-64-426) Class "C" Felony. The Court placed the Defendant under the supervision of the Adult Probation Office for a period of five (5) years and was ordered to abide by the rules and regulations set out by that office including paying a $ 35.00 monthly probation fee beginning February 1, 2014. The Defendant was ordered to pay $ 1,500.00 Drug Court Treatment fee, $ 1500.00 in restitution, $ 150.00 court costs, $ 250.00 DNA fee, $ 125.00 DFT fee, $ 100.00 Public Defender fee, $ 20.00 booking fee and monthly administrative fees payable at the rate of $ 55.00 per month beginning March 1, 2014 to be paid to the Crawford County Prosecuting Attorney's Office.
*23 That Arkansas Code Annotated 16-93-311[3 ] states:
(f) "... if the Court has suspended the imposition of sentence or placed a defendant on probation conditioned upon him making restitution or reparation and the defendant has not satisfactorily made all his payments when the probationary period has ended the Court shall have the authority to continue to assert its jurisdiction over the recalcitrant defendant and extend the probation period as it deems necessary or revoke the defendant's suspended sentence."
That as of this 27th day of March, 2018, the Defendant has failed to comply with the rules and regulations of his probation by absconding; that said conduct is in violation of the terms and conditions of his probation.
At the revocation hearing on June 6, 2018, Taylor Pippin, a parole-probation officer, testified that he was overseeing appellant's probation for another officer who left, but the case had not "technically" been assigned to him. There had been five officers previously assigned. Pippin did not generate any of the alleged violations and had only been asked to testify the week of the hearing. Pippin said that appellant was turned in for absconding in March 2018; appellant's whereabouts were listed as unknown.
At this point in Pippin's testimony, appellant's counsel objected, stating that the State filed its petition to revoke on the ground that appellant absconded, which is a term of law memorialized in Ark. Code Ann. § 5-54-131. The State interrupted, explaining that " '[a]bsconding' is a term for probation and parole, not a statutory term, a violation of the term and condition of probation and parole." The State indicated it was not alleging statutory absconding. At the circuit court's direction, appellant's counsel asked Pippin the meaning of "absconding." Pippin testified that "[i]t means you leave a residence that we approved you to stay at, or you don't report as directed or a combination of both or leave your assigned county." The court overruled appellant's objection.
Pippin testified that there were three violations contained in appellant's probation record: (1) failure to report within twenty-four hours after his release from incarceration in July 2016; (2) failure to report in May 2017; and (3) an attempted home visit on January 26, 2018, which revealed that appellant no longer lived at the address according to the property manager. Pippin stated that there had been no contact with appellant since January 2018 and that no updated address was provided by appellant.
After the State rested, appellant's counsel moved to dismiss, arguing that the State failed to make a prima facie case that appellant violated the terms and conditions of his probation.[4] Specifically, counsel argued that there had been no evidence submitted that reporting was a term and condition of appellant's probation. Counsel stated that the basis for the petition to revoke was that appellant "absconded," which is a term of art meaning that a court has either ordered a person to live somewhere or that a court or a sheriff has ordered a person to wear an ankle monitor.
*24 Counsel argued that the State's case lacked testimony of either situation.
The State responded that the petition to revoke was clear that appellant had violated the terms and conditions by absconding from probation and that there was testimony that he was not present at the last home visit on January 26, 2018.
The court noted that absconding, as used in the petition to revoke, was not in reference to a specific statute. As such, the court denied the motion: "What's been shown to me as absconding is used within the confines in this, not as the Statutory Absconding, but as term of reference by the probation department as to someone who no longer has contact with them." The court found by a preponderance of the evidence that appellant "failed to report an address change and failed to abide by the terms and conditions of probation by failing to report to probation for a period of over a year with no ability of the probation department to contact him[.]" Appellant's probation was revoked, and he was sentenced to seven years' imprisonment in the Arkansas Department of Correction. This timely appeal followed.
In order to revoke a probation or a suspended imposition of sentence, the circuit court must find by a preponderance of the evidence that the defendant has inexcusably violated a condition of the probation or suspension. Vangilder v. State , 2018 Ark. App. 384, at 4, 556 S.W.3d 534, 537. To sustain a revocation, the State need only show that the defendant committed one violation. Id. We will not reverse the circuit court's findings unless they are clearly against the preponderance of the evidence. Id. Whether a preponderance of the evidence exists turns on questions of credibility and weight to be given to the testimony. Id.
Appellant makes two arguments for reversal: (1) the evidence is insufficient to support the revocation because there was no evidence that he "absconded" or that doing so violated the terms and conditions of his probation and (2) the State's failure to introduce the terms and conditions or have the court take judicial notice of the terms and conditions should be considered a failure of proof in itself.
The petition to revoke alleged that appellant absconded. The court, in its oral ruling, stated that absconding in this case was not statutory absconding, but "a term of reference by the probation department as to someone who no longer has contact with them." The "Plea Agreement Conditions for Suspended Sentence" filed January 29, 2014, provided that appellant was sentenced to five years' probation and ordered him to pay numerous fees. The conditions further provided:
IT IS HEREBY ORDERED that the following conditions of said suspension are imposed upon the defendant:
1. You must not commit a criminal offense punishable by imprisonment.
2. You must not drink or possess intoxicating or alcoholic beverages, or be present in any such establishment where its main source of income is derived from the sale of such beverages.
3. You must not use, sell distribute, or possess any controlled substance, or associate with any person who is participating in or is known to participate in the illegal use, sale distribution or possession of controlled substances, or be present in places where such persons congregate. You may use or possess controlled substances pursuant to a legitimate prescription from a physician. You must be able to present proof of your prescription and provide physician's name as requested.
4. You must not associate with persons who have been convicted of felonies, persons who are engaged in criminal activity.
*25 5. You must no[t] purchase, own, control or possess any firearm or other prohibited deadly weapon at any time, or be in the company of any person possessing the same.
6. You must be gainfully employed or enrolled as a student at all times, pay your share of household expenses, support your legal dependents and pay all court ordered child support.
7. You must comply with the special conditions imposed by the court.
8. If the Court revokes your suspension or probation for violating a condition, it may impose on you a sentence of up to 10 years in the Arkansas Department of Correction and/or a fine of up to $ _______.
The only special condition imposed was for appellant to submit to DNA testing. None of these conditions involved reporting requirements-no requirement to report to a probation officer or to report a change of address.[5]
The State argues that appellant's challenge is to the circuit court's knowledge of the terms and conditions and, further, that the circuit court is presumed to know the law and that under Ark. Code Ann. § 16-93-306(b)(4) (Supp. 2017), a probation officer shall "[s]tay informed of the probationer's conduct and condition through visitation, required reporting, or other methods, and report to the sentencing court of that information upon request[.]" However, Ark. Code Ann. § 5-4-303(d) (Supp. 2017), does not mandate reporting. Subsection (d) provides:
If the court places a defendant on probation, as a condition of its order the court may require that the defendant:
(1) Report as directed to the court or the probation officer and permit the probation officer to visit the defendant at the defendant's place of employment or elsewhere;
(2) Remain within the jurisdiction of the court unless granted permission to leave in a written statement by the court or the probation officer; and
(3) Answer any reasonable inquiry by the court or the probation officer and promptly notify the court or probation officer of any change in address or employment.
In order to revoke probation, the circuit court must find that the defendant violated a written condition of his or her probation. Harris v. State , 98 Ark. App. 264, 270, 254 S.W.3d 789, 794 (2007). Absconding is not a written condition of appellant's probation. Even considering the circuit court's interpretation of absconding-as a term of reference by the probation department for someone who no longer has contact with it-there is nothing in the conditions requiring appellant to report or to notify of a change of address. Because the circuit court based its revocation of appellant's probation on a violation that was not a written condition of his probation, we reverse and dismiss.
Because we reverse on the sufficiency of the evidence to support the revocation, we need not address appellant's remaining argument.
Reversed and dismissed.
Abramson and Harrison, JJ., agree.

This is the second time this case has been before us. In Tomes v. State , 2019 Ark. App. 103, 2019 WL 693717, we remanded to settle and supplement the record to include what appeared to be a missing document that was referenced on the docket sheet. When the supplemented record was filed, it contained an affidavit of the circuit clerk indicating that the docket entry was only a statistical code and no document was associated with the entry.

The habitual-offender charge was dismissed.

This code section is correct and does contain this language, but there is no subsection (f).

The terms and conditions were not part of the record when it was originally lodged. A supplemental record, filed by stipulation of the parties, contained a certified copy of the terms and conditions. The stipulation indicated that the document was contained in the circuit clerk's file but not in the record on appeal.

There was another document, which followed the 2014 sentencing order, entitled "ADDITIONAL TERMS/CONDITIONS OF DISPOSITION." None of the items on this document, which was not signed by appellant, indicated any reporting requirements.