Cite as 2024 Ark. App. 434

# ARKANSAS COURT OF APPEALS

DIVISION II
NO. CR-23-830

| | | |
|---|---|---|
| | | **Opinion Delivered** September 18, 2024 |
| MELVIN AMES | | |
| | APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NOS. 04CR-16-1786 & 04CR-16-291] |
| V. | | |
| | | HONORABLE BRAD KARREN, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

**KENNETH S. HIXSON, Judge**

Appellant Melvin Ames appeals after the Benton County Circuit Court revoked his suspended imposition of sentence (SIS). He was sentenced to serve forty-eight months' imprisonment in the Arkansas Division of Correction (ADC) followed by twenty-four months' SIS for each count of possession of methamphetamine and possession of drug paraphernalia in case number 04CR-16-291 and for second-degree forgery in case number 04CR-16-1786. On appeal, appellant generally argues that there was insufficient evidence to support the revocation. We affirm.

I. *Relevant Facts*

On August 2, 2017, in case number 04CR-16-1786, appellant filed a negotiated plea of guilty to second-degree forgery, a Class C felony, in violation of Arkansas Code Annotated section 5-37-201 (Repl. 2013). He was sentenced to serve thirty-six months' incarceration

followed by eighty-four months' SIS.[1]  On the same date, in case number 04CR-16-291, appellant filed a negotiated plea of guilty to possession of methamphetamine, a Class D felony, in violation of Arkansas Code Annotated section 5-64-419(a)(b)(2)(A) (Supp. 2023); and possession of drug paraphernalia, a Class D felony, in violation of Arkansas Code Annotated section 5-64-443(a)(2) (Supp. 2023).  He was sentenced to serve seventy-two months' SIS on each of these counts.

The relevant terms and conditions of his SIS contract included the following:

1.      You must not violate any law: federal, state or local.  If arrested or questioned by law enforcement officers, you are to report the matter without delay to the Circuit Court Judge of the Division where you were sentenced at Benton County Courthouse, Bentonville, Arkansas, 72712, in person or by letter, giving full details of the event.

2.      You must not associate with persons who have felony criminal records or who are known as bad characters, and you must not possess illegal drugs.

. . . .

9.      You shall abide by every requirement set out in the Court's Order, which is incorporated by reference herein as if set out verbatim.

You are to understand that you do not work or serve out a period of suspended imposition of sentence as you would a sentence to the penitentiary.  If you get in trouble on the last day of your period of suspended imposition, you could then be ordered to serve the entire sentence, up to the statutory maximum authorized for the offenses for which suspended imposition has been ordered.

---

[1]In the same case, appellant additionally filed a negotiated plea of guilty and was sentenced for the charge of theft of property.  However, this charge is not at issue in this appeal.

Thereafter, the State filed a petition for revocation of suspended sentence on July 7, 2021, and an amended petition for revocation of suspended sentence on November 7, 2022, in both cases. In the amended petition, the State requested that appellant's SIS be revoked for the following violations:

1.     On or about November 15, 2020, the Defendant committed the offense of Murder First Degree–Felony Murder–21 CNCA Section 701.7(a) in the jurisdiction of the Cherokee Nation.

2.     On or about November 15, 2020, the Defendant committed the offense of Distribution of a Controlled Dangerous Substance–21 CNCA Section 2401A in the jurisdiction of the Cherokee Nation.

3.     On or about November 15, 2020, the Defendant committed the offense of Maintaining a Place for Keeping/Selling/Using a Controlled Substance–21 CNCA Section 2404 in the jurisdiction of the Cherokee Nation.

4.     On or about February 10, 2022, the Defendant committed the offense of Possession of a Controlled Drug-Methamphetamine-Felony in Watts, Oklahoma.

5.     On or about September 10, 2022, Defendant was arrested for the offense of Theft by Receiving-D Felony in Benton County, Arkansas.

A revocation hearing was held on May 25, 2023.

At the hearing, the State moved to strike the allegations it made against appellant for committing crimes in both Oklahoma and Benton County, Arkansas, which the circuit court granted. The State moved forward with the three remaining allegations made in the petition. The State did not call any witnesses. Instead, the circuit court took judicial notice of the court file, and the State admitted several documents into evidence—without appellant's objection—in support of revocation. Those documents included certified copies of the guilty

3

pleas, the sentencing orders, and the SIS contract already filed in this case. The State additionally admitted documentation of the guilty pleas appellant had filed in the criminal division of the District Court of the Cherokee Nation. That documentation, signed by appellant, appellant's attorney at the time, and the district court, showed that appellant had pleaded guilty to first-degree murder, distribution of a controlled dangerous substance, and maintaining a dwelling for controlled dangerous substances. Appellant specifically attested that he "distributed some meth" that resulted in the "OD death of another [person.]" According to the judgment and sentence, appellant was found guilty and sentenced to serve three years suspended on each of those three counts.

After the State rested and argued that it had met its burden of proof, appellant, through defense counsel, argued that the State failed to prove that he had violated the terms and conditions contained in his SIS contract. Appellant asserted that the first condition prohibited him from violating any *federal, state, or local law*. He argued that this list was exhaustive and that because it did not specifically include the words *tribal law*, he lacked adequate notice that his guilty pleas to violations of tribal law would also constitute a violation of the first condition of his SIS contract in the Benton County Circuit Court. The State disagreed and argued that appellant's violation of tribal law did violate the first condition of his SIS contract. The circuit court interjected and asked whether appellant's guilty pleas to committing two drug offenses in the Cherokee Nation substantiated a violation of the second condition of his SIS contract prohibiting appellant from possessing illegal drugs. Appellant argued that "distributing" controlled substances did not mean the

4

same as "possessing" controlled substances. He further argued that the State did not offer the language of the tribal laws he violated. Appellant explained, "I think what we have is a title of a law that he was convicted of [i.e., distribution], and I don't think that jumps to evidence of being in possession of illegal drugs." The circuit court finally inquired about the language contained in the SIS contract after paragraph 9, which states the following: "If you get *in trouble* on the last day of your period of suspended imposition, you could then be ordered to serve the entire sentence, up to the statutory maximum authorized for the offenses for which suspended imposition has been ordered." (Emphasis added.) Although appellant acknowledged this language, he argued that it was unclear what "trouble" means and that, alternatively, the "trouble" was referring to violating one of the nine conditions enumerated above that language instead of constituting a separate condition.

After hearing oral argument, the circuit court revoked appellant's SIS, specifically finding that appellant had violated the first and second conditions of his SIS contract. Appellant was sentenced to serve forty-eight months' imprisonment in the ADC followed by twenty-four months' SIS for each count of possession of methamphetamine and possession of drug paraphernalia in case number 04CR-16-291 and for second-degree forgery in case number 04CR-16-1786. This appeal followed.

## II. *Standard of Review*

A challenge to the sufficiency of the evidence may be raised for the first time in an appeal of a revocation in the absence of a motion for a directed verdict or motion to dismiss. *See Barbee v. State*, 346 Ark. 185, 56 S.W.3d 370 (2001). In a revocation proceeding, the

5

circuit court must find by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his or her suspension or probation, and on appellate review, we do not reverse the circuit court's decision unless it is clearly against the preponderance of the evidence. *Flemons v. State*, 2014 Ark. App. 131; Ark. Code Ann. § 16-93-308(d) (Supp. 2023). Because the burdens are different, evidence that is insufficient for a criminal conviction may be sufficient for a probation or suspended-sentence revocation. *Bradley v. State*, 347 Ark. 518, 65 S.W.3d 874 (2002). Since determination of a preponderance of the evidence turns on questions of credibility and weight to be given testimony, we defer to the circuit court's superior position. *Id.* Furthermore, the State need only prove that the appellant committed one violation of the conditions in order to revoke appellant's sentence. *Peals v. State*, 2015 Ark. App. 1, 453 S.W.3d 151.

### III. *Sufficiency of the Evidence*

Appellant generally argues that there was insufficient evidence to support the revocation. Because he makes multiple arguments as to why there was insufficient evidence, we address each of them separately.

A. Did the Alleged Violations Occur After Appellant Had Been Placed on SIS?

First, appellant argues that there was insufficient evidence to show that the alleged tribal offenses occurred after he had been placed on SIS. He explains that the documentation offered by the State does not reflect the offense date of the tribal offenses and instead only states that he pleaded guilty to the offenses in 2021. As such, citing

6

*Townsend v. State*, 2023 Ark. App. 356, 676 S.W.3d 1, appellant argues that his revocation must be reversed and dismissed. We disagree.

To the extent appellant's argument is preserved as a sufficiency argument, appellant's argument lacks merit. In *Townsend*, we reversed and dismissed a revocation because the alleged violations were committed before the entry of the sentencing order that imposed Townsend's SIS. This is not the case here. Appellant's sentencing orders imposing his SIS were filed on August 2, 2017. The State alleged in its amended petition that appellant had committed three tribal offenses on November 15, 2020. On or about September 14, 2021, appellant pleaded guilty to those offenses in the District Court of the Cherokee Nation. Appellant's guilty plea in the tribal court was introduced into evidence at the revocation hearing without objection. While the precise dates that the appellant committed the tribal offenses are not in the record, the case number associated with those offenses in the tribal court bear a 2021 case number. It is important to note that in a revocation, the evidence presented need not rise to the level of that required for a criminal conviction; it need only support a conclusion that, more likely than not, appellant engaged in a criminal offense punishable by imprisonment while appellant's suspended sentences were in effect. *See generally Carter v. State*, 2024 Ark. App. 84, at 5, 684 S.W.3d 311, 316. Given the evidence presented, there was sufficient evidence from which the court could have concluded that appellant more likely than not committed the tribal offenses while he was on SIS. Accordingly, we affirm on this point.

B. Did the State Prove that Appellant Was Convicted of a Tribal Offense?

7

Next, without any citation to authority, appellant argues that there was insufficient evidence to show that appellant had actually been *convicted* of any tribal offenses. He argues that the State was required to introduce a "certified judgment" and not merely the "purported plea documents." He complains that "[w]ithout a judgment or any testimony as to the facts of the purported convictions, there was thus insufficient evidence that [he] violated *any* laws during the period of his suspended sentences." Again, we disagree.

The conditions of appellant's SIS did not require that he not be "convicted"; rather, the conditions required that he not "violate" any law. The documentation offered by the State and signed by appellant, appellant's attorney at the time, and the Cherokee Nation District Court showed that appellant had pleaded guilty to first-degree murder, distribution of a controlled dangerous substance, and maintaining a dwelling for controlled dangerous substances. Appellant specifically attested that he "distributed some meth" that resulted in the "OD death of another [person.]" The documentation further showed that appellant was found guilty and sentenced to serve three years suspended on each of the listed three counts. We have previously held that a guilty plea to an offense is sufficient evidence for a circuit court to find by a preponderance of the evidence that a defendant had violated a condition of his suspension. *See Daffron v. State*, 2016 Ark. App. 486, at 3–4, 505 S.W.3d 209, 211. Accordingly, we affirm on this point.

### C. Did the First Condition Exclude Violations of Tribal Law?

Appellant next argues that the circuit court erred by finding that his tribal offenses violated the first condition of his SIS contract, which stated that appellant "must not violate

8

any law: federal, state or local." He explains that because the text of the conditions did not specify violations of "tribal law," he lacked adequate notice "that violating [tribal law] constituted a violation of his suspended sentences." As such, he claims that we must reverse and dismiss his revocation. We disagree.

Appellant correctly asserts that in order to revoke appellant's SIS, the circuit court must find that he violated a written condition of his SIS contract. *See Tomes v. State*, 2019 Ark. App. 267, 577 S.W.3d 21 (dismissing a revocation when nothing in the conditions required appellant to report or to notify of a change of address); *Blankenship v. State*, 2014 Ark. App. 104 (dismissing a revocation when none of the eight written conditions of suspended sentence included any requirement of community service). However, the circumstances here are different than those in *Tomes* and *Blankenship*. Both *Tomes* and *Blankenship* involved instances in which no written condition existed to place the defendant on notice that the defendant's conduct constituted a violation. Here, appellant's SIS contract specifically included the written condition that he "must not violate *any law*: federal, state or *local*." (Emphasis added.) Clearly, from the documentation presented by the State, appellant had pleaded guilty to three tribal offenses that occurred in the Cherokee Nation. Yet, appellant offers no convincing argument on appeal as to why appellant's violations of the law of the locality where the crimes took place did not constitute a violation of "local law," for which he was given adequate written notice. Given the evidence presented, there was sufficient evidence from which the court could have concluded that appellant had violated the first condition of his SIS contract, and we must affirm the revocation. Further,

because the State need only prove that the appellant committed one violation of the conditions in order to revoke appellant's SIS, it is unnecessary for us to address any of appellant's remaining points pertaining to the other alleged violations. *See Peals*, *supra*; *Bennion v. State*, 2022 Ark. App. 290, 645 S.W.3d 37.

Affirmed.

BARRETT and WOOD, JJ., agree.

*Lassiter & Cassinelli*, by: *Michael Kiel Kaiser*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.