Cite as 2025 Ark. App. 458

# ARKANSAS COURT OF APPEALS

DIVISION IV
No.  CR-24-824

| | | |
|---|---|---|
| | | **Opinion Delivered** October 1, 2025 |
| JANIE LEE CLARK | | |
| | APPELLANT | APPEAL FROM THE CONWAY COUNTY CIRCUIT COURT [NO. 15CR-18-142] |
| V. | | |
| | | HONORABLE JERRY DON RAMEY, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | |
| | | AFFIRMED |

## CASEY R. TUCKER, Judge

Janie Lee Clark appeals the revocation of her suspended imposition of sentence (SIS) and the resulting sentence of six years' imprisonment in 15CR-18-142.  On appeal, she argues that the circuit court erred in revoking her SIS because the State failed to prove constructive possession of contraband and failed to prove that she willfully or inexcusably failed to pay her fees.  This is a companion case to 15CR-18-38 and 15CR-19-45.[1]  Clark filed three separate appeals, and today we hand down opinions in all three cases.  We affirm.

---

[1]In 15CR-18-38 Clark pleaded guilty to possession of a controlled substance and possession of drug paraphernalia, for which she was sentenced to six years in the Arkansas Division of Correction followed by six years' SIS.  In 15CR-19-45, Clark pleaded guilty to two counts of failure to appear, for which she also was sentenced to six years in the Arkansas Division of Correction to be followed by six years' SIS.  *See Clark v. State*, 2025 Ark. App. 456, ___ S.W.3d ___; *Clark v. State*, 2025 Ark. App. 457.

On April 24, 2019, Clark entered a negotiated plea of guilty to possession of a controlled substance, methamphetamine or cocaine (a Class D felony) and received seventy-two months' imprisonment and seventy-two months' SIS. The conditions of her SIS included, inter alia, that she was not to commit a criminal offense punishable by imprisonment and that she must pay a supervision fee of $35 a month to the Department of Community Punishment as well as court costs of $150 and a fine of $500 at the rate of $60 a month.

On December 11, 2023, the State filed a petition to impose the suspended sentence, alleging that Clark had committed the offenses of possession of methamphetamine (a Class D felony) and possession of drug paraphernalia (a Class D felony) on April 17, 2023, and that, as of November 27, 2023, Clark had not paid her fines and fees.

The revocation hearing was held on July 17, 2024. This hearing was combined with the revocation hearing in the two companion cases. The evidence presented at the revocation hearing has been detailed in a separate opinion also handed down today. *See Clark*, 2025 Ark. App. 456, ___ S.W.3d ___. Because the facts, issues on appeal, and arguments presented here are identical to those presented in the companion cases, which are also handed down today, it is unnecessary to restate them here. On the basis of the reasoning set forth in *Clark*, we affirm Clark's revocation.

Affirmed.

HARRISON and MURPHY, JJ., agree.

*Mothershed Law, PLLC*, by: *La'Donnia M. Mothershed*, for appellant.

2

*Tim Griffin*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.