Cite as 2025 Ark. App. 457

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR–24–823

| | | |
|---|---|---|
| JANIE LEE CLARK | | **Opinion Delivered** October 1, 2025 |
| | **APPELLANT** | APPEAL FROM THE CONWAY COUNTY CIRCUIT COURT [NO. 15CR-19-45] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE JERRY DON RAMEY, JUDGE |
| | **APPELLEE** | |
| | | AFFIRMED |

## BRANDON J. HARRISON, Judge

Janie Lee Clark appeals from a Conway County Circuit Court sentencing order revoking her suspended imposition of sentence (SIS) and sentencing her to six years' imprisonment.[1] She asserts that the circuit court erred in revoking her SIS because the State failed to prove that she had constructively possessed any contraband or that her nonpayment of fees was willful or due to inexcusable neglect. We affirm.

On 8 February 2019, the State charged Clark with two counts of failure to appear to answer a felony charge. She was also charged as a habitual offender. Clark pled guilty and

---

[1]This is a companion case to two other cases: 15CR-18-142, a 2019 guilty plea to possession of a controlled substance for which Clark was serving six years' imprisonment and six years' SIS; and 15CR-18-38, a 2019 guilty plea to possession of a controlled substance for which Clark was serving six years' imprisonment and six years' SIS. The circuit court held a combined revocation hearing for all three cases but issued separate sentencing orders in each case. Clark has filed separate appeals, and today we hand down opinions in all three cases. *See Clark v. State*, 2025 Ark. App. 458; *Clark v. State*, 2025 Ark. App. 456, ___ S.W.3d ___..

received a sentence of six years' imprisonment and six years' SIS. The terms of Clark's SIS included that she not commit a new offense punishable by imprisonment; not possess any controlled substance; and pay fines, fees, and costs at a rate of $60 a month beginning thirty days after her release from imprisonment.

On 11 December 2023, the State petitioned to impose Clark's suspended sentence and stated that she had committed the offenses of possession of methamphetamine and possession of drug paraphernalia. The State also asserted that Clark had not paid her court–ordered fines and fees as directed.

The court convened a revocation hearing on 17 July 2024. This hearing was combined with the revocation hearing in the two companion cases. The evidence presented at the revocation hearing has been detailed in a separate opinion also handed down today. *See Clark*, 2025 Ark. App. 456, ___ S.W.3d ___. Because the facts, issues on appeal, and argument presented here are identical to those presented in the companion cases, which are also handed down today, it is unnecessary to restate them here. On the basis of the reasoning set forth in *Clark*, we affirm Clark's revocation.

Affirmed.

TUCKER and MURPHY, JJ., agree.

*Mothershed Law, PLLC*, by: *La'Donnia M. Mothershed*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.