Cite as 2025 Ark. App. 456

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR–24–822

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** October 1, 2025 |
| JANIE LEE CLARK | | |
| | APPELLANT | APPEAL FROM THE CONWAY COUNTY CIRCUIT COURT [NO. 15CR-18-38] |
| V. | | |
| | | HONORABLE JERRY DON RAMEY, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | |
| | | AFFIRMED |

## BRANDON J. HARRISON, Judge

Janie Lee Clark appeals the revocation of her suspended imposition of sentence (SIS).[1] She asserts that the circuit court erred in revoking her SIS because the State failed to prove that she had constructively possessed any contraband or that her nonpayment of fees was willful or due to inexcusable neglect. We affirm.

In a criminal information filed 13 February 2018, the State charged Clark with possession of a controlled substance; possession of drug paraphernalia; driving while license is canceled, suspended, or revoked; failure to maintain liability insurance; and criminal impersonation. She was also charged as a habitual offender. In April 2019, Clark pled guilty

---

[1]This is a companion case to two other cases: 15CR-18-142, a 2019 guilty plea to possession of a controlled substance for which Clark was serving six years' imprisonment and six years' SIS; and 15CR-19-45, a 2019 guilty plea to failure to appear for which Clark was serving six years' imprisonment and six years' SIS. The circuit court held a combined revocation hearing for all three cases but issued separate sentencing orders in each case. Clark has filed separate appeals, and today we hand down opinions in all three cases. *See Clark v. State*, 2025 Ark. App. 458; *Clark v. State*, 2025 Ark. App. 457.

to possession of a controlled substance and possession of drug paraphernalia, and the State nolle prossed the remaining charges. The court imposed an aggregate sentence of six years' imprisonment and six years' SIS. The terms of Clark's SIS included that she not commit a new offense punishable by imprisonment; not possess any controlled substance; and pay fines, fees, and costs at a rate of $60 a month beginning thirty days after her release from imprisonment.

On 11 December 2023, the State petitioned to impose Clark's suspended sentence and stated that she had committed the offenses of possession of methamphetamine and possession of drug paraphernalia. The State also asserted that Clark had not paid her court-ordered fines and fees as directed.

The court convened a revocation hearing on 17 July 2024. Lisa O'Neal, an employee of the Conway County Circuit Clerk's office, testified that in 15CR–18-142, Clark had made no payments toward her fines, fees, and costs and owed $865; in 15CR–18-38, Clark had paid $50 and owed $815; and in 15CR–19-45, Clark had paid $2000 and owed $2600. O'Neal did not know whether Clark had the ability to pay the fines, fees, and costs assessed to her.

James Bryant, an officer with the Morrilton Police Department, testified that he came into contact with Clark on 17 April 2023. Bryant and Officer Hunter Nelson were on patrol and observed Clark run a red light. The officers got behind her vehicle, ran her tags, and discovered that she had "unconfirmed insurance." There was also a tag light out on the vehicle. They initiated a traffic stop, but Clark continued to "slow roll" for a couple of blocks before coming to a stop. Nelson searched the vehicle pursuant to Clark's active

2

search waiver on file, and he found two clean pipes commonly used for ingesting methamphetamine. Clark said the pipes, which she described as "dope pipes," were not hers and that she was taking them to a friend. Nelson also found a dollar bill with "a white crystal substance wrapped inside of it." A field test of the white crystal substance was positive for methamphetamine. On cross-examination, Bryant confirmed that Clark was the sole occupant of the vehicle. Bryant did not know to whom the vehicle was registered.

Nelson testified that he found a brown sack in the center console and that the sack contained two clear pipes. Also in the center console, in a small compartment, he found "a dollar bill folded with a crystal-like substance inside." The police sent the crystal-like substance to the crime lab, which confirmed that it was methamphetamine. Nelson also testified that Clark was the registered owner of the vehicle.

The State rested, and the defense also rested without presenting additional evidence. The circuit court found that the State had proved by a preponderance of the evidence that Clark had willfully violated the conditions of her SIS. Specifically, Clark had failed to make timely payments as ordered and had committed the offense of possession of methamphetamine, which is punishable by imprisonment. The court sentenced Clark to an aggregate term of six years' imprisonment, and she timely appealed.

In order to prevail in a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant inexcusably failed to comply with at least one condition of his probation or SIS. *Ames v. State*, 2024 Ark. App. 434, 698 S.W.3d 668. On appellate review, we will not reverse the circuit court's decision unless it is clearly against the preponderance of the evidence. *Id*. This court defers to the circuit court's superior

3

position on questions of credibility and the weight to be given testimony. *Id.* Because the burden of proof in a revocation proceeding is less than that in a criminal case, proof that would be insufficient to obtain a criminal conviction may be sufficient to support a revocation. *Id.*

Clark first asserts that the circuit court erred in revoking her SIS because the State failed to prove that she constructively possessed any contraband. This court has said that constructive possession of contraband is the knowledge of its presence and control over it. *Williams v. State*, 2024 Ark. App. 570, 702 S.W.3d 431. A defendant's knowledge of and control over the contraband can be inferred from the circumstances. *Knauls v. State*, 2020 Ark. App. 48, 593 S.W.3d 58. Factors to consider in determining whether the defendant had knowledge and control over the contraband include proximity of the contraband to the accused, the fact that the contraband is in plain view, the ownership of the property where the contraband is found, and the accused's suspicious behavior. *Id.* Location of the contraband in close proximity to the accused and the improbable nature of the accused's explanations can also be sufficient linking factors to support constructive possession. *Terry v. State*, 2018 Ark. App. 435, 559 S.W.3d 301. There is no requirement that all or even a majority of the linking factors be present to constitute constructive possession of the contraband. *Farris v. State*, 2024 Ark. App. 188, 686 S.W.3d 602.

Clark contends that the evidence presented was insufficient to establish either her knowledge of the contraband's presence or her control over it. For the majority of her argument, the contraband referred to by Clark is the two glass pipes found in a brown sack

4

in the center console; however, the circuit court did not find that Clark violated her SIS by possessing the glass pipes, so any argument to that effect is meritless.

In one instance, however, Clark describes "the contraband" as "hidden and inaccessible as it was in a dollar bill within a lunch sack, concealed in the vehicle's center console." The methamphetamine found inside the vehicle was "in a dollar bill," although she is incorrect that the dollar bill was found within the brown sack in the console. In any case, Clark argues that the State relied solely on her mere proximity to the methamphetamine as the sole occupant of the vehicle and that the lack of any other corroborating evidence renders the State's position speculative and insufficient to sustain the revocation.

Contrary to Clark's argument, the State did not rely solely on her occupancy of the vehicle to establish constructive possession. The State points out Clark's suspicious behavior in "slow rolling" for a couple of blocks instead of immediately stopping for the officers. This court also notes Officer Nelson's testimony that Clark was the registered owner of the vehicle, a fact that Clark does not acknowledge in her argument. In sum, the methamphetamine was found in Clark's vehicle and within her reach in the center console, she readily admitted transporting "dope pipes," and she exhibited suspicious behavior when the traffic stop was initiated. We hold that the circuit court's finding that Clark constructively possessed methamphetamine is not clearly against the preponderance of the evidence.

5

The State need only prove one violation to sustain a revocation. *Smith v. State*, 2025 Ark. App. 108. Therefore, we need not address Clark's argument that the circuit court erred in revoking her SIS due to nonpayment of fines, fees, and costs.

Affirmed.

TUCKER and MURPHY, JJ., agree.

*Mothershed Law, PLLC*, by: *La'Donnia M. Mothershed*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.