

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–16–1050

| | |
|---|---|
| JACOB TAYLOR SPRINGS<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** May 31, 2017<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NO. 66 CR–14–512]<br><br>HONORABLE STEPHEN TABOR, JUDGE<br><br>AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant appeals from the circuit court's revocation of his suspended imposition of sentence (SIS). His sole point on appeal is that there was insufficient evidence to support the revocation. We affirm.

Following events occurring on January 18, 2014, appellant was charged with second-degree battery, a Class D felony. He pled guilty to the same on June 6, 2014, and was sentenced to three years' SIS, conditioned on good behavior and payment of a $1,000 fine, court costs of $150, a $31 jail fee, and a $250 DNA fee, at the rate of $50 per month starting on July 6, 2014.[1]

---

[1]At the revocation hearing, appellee submitted the June 4, 2014 criminal information showing that appellant had been charged with battery in the second degree; the appellant-signed terms and conditions of SIS, filed June 6, 2014; appellant's guilty plea statement, signed by him on June 6, 2014; and the sentencing order, filed June 10, 2014, sentencing appellant to thirty-six months' SIS.

Appellant was at the courthouse on August 1, 2016, when the circuit judge requested to speak with him about events occurring with appellant and the district clerk on that day. An altercation eventually ensued between appellant and the bailiff causing injury to the bailiff and requiring assistance from a second bailiff. Appellant was arrested and charged with second-degree battery. Appellee filed a petition to revoke on August 9, 2016, alleging failure to pay his fine, costs and fees as ordered, leaving an unpaid balance of sixty-one dollars; and conduct that violated the terms and conditions of appellant's SIS.

At his October 12, 2016 revocation hearing, appellee submitted the payment ledger showing appellant's failure to make any payments since June 17, 2016. Miller Scott, the injured bailiff, as well as James McCaslin, the bailiff who assisted Scott in detaining appellant, testified to the events of that date. Appellant testified denying all pertinent portions of Scott's and McCaslin's testimony.

At the conclusion of all testimony, the circuit court found that appellant had violated the terms of his SIS for failure to pay and for having committed the offense of resisting arrest for which appellant was convicted as well as committing the offense of battery in the second degree. Noting its concern with appellant's "history of violence[,]" the fact that he was continuing "to engage in the same pattern of behavior[,]" and, "more disturbing[, . . . ] what can only be interpreted as a threatening post on Facebook saying that the judge, the DA and the cops were, quote, going to burn[,]"[2] the circuit court sentenced appellant to

---

[2]Appellant made the Facebook post nine hours after he bonded out of jail.

three years' imprisonment in the Arkansas Department of Correction. The circuit court filed its sentencing order reflecting the same on October 20, 2016. This timely appeal followed.

In order to revoke a probation or a suspended imposition of sentence, the circuit court must find by a preponderance of the evidence that the defendant has inexcusably violated a condition of the probation or suspension.[3] Thus, to sustain a revocation, the State need show only that the defendant committed one violation.[4] The State's burden of proof in a revocation proceeding is less than that required to convict in a criminal trial, and evidence that is insufficient for a conviction thus may be sufficient for a revocation.[5]

We will not reverse the circuit court's findings unless they are clearly against the preponderance of the evidence.[6] Evidence that would not support a criminal conviction in the first instance may be enough to revoke probation or a suspended sentence.[7] Determining whether a preponderance of the evidence exists turns on questions of credibility and weight to be given to the testimony.[8]

---

[3]*Mosley v. State*, 2016 Ark. App. 353, at 2, 499 S.W.3d 226, 228 (citing Ark. Code Ann. § 16-93-308(d) (Supp. 2015)).

[4]*Id.* (citing *Prackett v. State*, 2014 Ark. App. 394, at 2).

[5]*Mahomes v. State*, 2013 Ark. App. 215, at 2, 427 S.W.3d 123, 126 (citing *Dooly v. State*, 2010 Ark. App. 591, 377 S.W.3d 471).

[6]*McClain v. State*, 2016 Ark. App. 205, at 3, 489 S.W.3d 179, 181 (citing *Green v. State*, 2015 Ark. App. 291, 461 S.W.3d 731).

[7]*Id.*

[8]*Id.*

Where the alleged violation involves the failure to pay ordered amounts, after the State has introduced evidence of nonpayment, the burden shifts to the probationer to provide a reasonable excuse for the failure to pay.[9] It is the probationer's obligation to justify his failure to pay, and this shifting of the burden of production provides an opportunity to explain the reasons for nonpayment.[10] If the probationer asserts an inability to pay and provides evidence demonstrating that inability, then the State must demonstrate that the probationer did not make a good-faith effort to pay.[11] Despite the shifting of the burden of production, the State shoulders the ultimate burden of proving that the probationer's failure to pay was inexcusable.[12] If the probationer offers no reasonable explanation for his failure to pay, then it is difficult to find clear error in a trial court's finding of inexcusable failure.[13]

Appellee submitted a payment ledger showing appellant's failure to make any payments since June 17, 2016. The burden then shifted to appellant to provide a reasonable excuse.[14] Appellant testified that he had been working up until the day of his arrest, had

---

[9]*Vail v. State*, 2014 Ark. App. 407, at 3, 438 S.W.3d 286, 288 (citing *Scroggins v. State*, 2012 Ark. App. 87, at 9, 389 S.W.3d 40, 45).

[10]*Id.*

[11]*Id.*

[12]*Id.*

[13]*Id.*

[14]*Peals v. State*, 2015 Ark. App. 1, at 4, 453 S.W.3d 151, 154 (citing *Scroggins v. State*, 2012 Ark. App. 87, 389 S.W.3d 40) ("Where the alleged violation involves the failure to pay ordered amounts, after the State has introduced evidence of nonpayment, the burden shifts to the probationer to provide a reasonable excuse for the failure to pay.").

failed to pay his remaining balance because "the mother of [his] child lost her job, so [he] was paying bills, paying her fine"; and that he was "at the business office to pay a fine for [his] fines and costs."

The term "inexcusable" is defined as "incapable of being excused or justified—Syn. unpardonable, unforgivable, intolerable."[15] By appellant's own admission, he had an ability to pay his fine because he was "paying [his child's mother's] fine." Furthermore, the circuit court clearly found appellant's testimony not credible for he stated that he was at the circuit court to pay a fine, but Scott testified that he waited in the business office "until [appellant] finished his business at the window, then asked [appellant] to follow [Scott] down to the courtroom" to speak with the judge.

While the statute governing revocations requires the circuit court's consideration of certain factors in determining whether a party's inability to pay is inexcusable, the statute does not require explicit findings of fact on those factors.[16] When considering the lower burden of proof in revocation proceedings and giving the proper deference to the superior position of the circuit court to determine questions of credibility and the weight to be given the evidence,[17] this court cannot hold that the circuit court clearly erred in finding that appellant willfully violated the condition of his probation requiring him to make payments as directed. Appellee need only prove that appellant committed one violation of the

---

[15] *Barbee v. State*, 346 Ark. 185, 189, 56 S.W.3d 370, 372 (2001) (quoting Random House Compact Unabridged Dictionary 977 (1996)).

[16] *Bohannon v. State*, 2014 Ark. App. 434, at 8, 439 S.W.3d 735

[17] *Bohannon*, *supra*.

conditions of his probation,[18] so we do not address appellant's second violation found by the circuit court.

Affirmed.

HARRISON and VAUGHT, JJ., agree.

*David L. Dunagin*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., for appellee.

---

[18]*Holmes-Childers v. State*, 2016 Ark. App. 464, at 4, 504 S.W.3d 645, 648 (citing *Major v. State*, 2012 Ark. App. 501).