Cite as 2019 Ark. App. 353

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CR–18-957

| | |
|---|---|
| FAISHAUN VIRGIES<br><br>APPELLANT<br><br><br>V.<br><br><br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** September 4, 2019<br><br>APPEAL FROM THE MISSISSIPPI COUNTY CIRCUIT COURT, OSCEOLA DISTRICT<br>[NOS. 47OCR-15-9 AND 47OCR-15-220]<br><br>HONORABLE RALPH WILSON, JR., JUDGE<br><br>AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Appellant Faishaun Virgies appeals from an order of the Mississippi County Circuit Court revoking his probation in two separate cases and sentencing him to a total of thirty years' imprisonment. On appeal, Virgies argues three points: (1) that the State failed to hold a revocation hearing within sixty days; (2) that the photo lineup given to the victim was "unduly suggestive and conducive to irreparable mistaken identification"; and (3) that there was insufficient evidence supporting the July 31, 2018 revocations. We affirm.

On May 23, 2016, Virgies pled guilty to two counts of robbery in separate cases and was sentenced to concurrent terms of 120 months' probation (case nos.: CR15-9 and CR15-220). As conditions of his terms of probation, Virgies was ordered "not [to] commit any criminal offense punishable by imprisonment" and "not [to] purchase, own, control, or possess any firearm[.]"

On January 12, 2018, Kuron Lapore Hurt was robbed at gunpoint by two assailants, including one who was referred to as "Fabo." Hurt positively identified "Fabo" as appellant Virgies. At a probation search of Virgies's residence, officers found a letter written by Virgies that was signed "Fabo" and a .38-caliber Smith and Wesson revolver.

The State petitioned to revoke Virgies's probation and also brought new felony charges against him. The circuit court held a revocation hearing on July 31, 2018, and based on the evidence presented, found that Virgies had violated the conditions of his probation. The circuit court revoked both of Virgies's terms of probation and sentenced him to serve 240 months in prison (case no.: CR15-9) and 120 months in prison (case no.: CR15-220) to run consecutively, for a total sentence of 360 months' imprisonment. This timely appeal of both revocations is now properly before this court.

Pursuant to Arkansas Code Annotated section 16-93-308(d) (Repl. 2017), a circuit court may revoke a defendant's probation at any time prior to the expiration of the period of probation if it finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of the probation. *Springs v. State*, 2017 Ark. App. 364, at 3, 525 S.W.3d 490, 492. "Thus, to sustain a revocation, the State need show only that the defendant committed one violation." *Id*. The State's burden of proof in a revocation proceeding is less than is required to convict in a criminal trial, and evidence that is insufficient for a conviction thus may be sufficient for a revocation. *Id*.

On appeal from a revocation, we "will not reverse the trial court's decision to revoke unless it is clearly erroneous, or clearly against the preponderance of the evidence." *Brown v. State*, 2016 Ark. App. 403, at 4, 500 S.W.3d 781, 784 (citing *Ferguson v. State*, 2016 Ark.

App. 4, at 3, 479 S.W.3d 588, 590). Moreover, we defer to the circuit court's superior position in evaluating the credibility and weight to be given testimony. *Peals v. State*, 2015 Ark. App. 1, at 4, 453 S.W.3d 151, 154.

Virgies's first argument on appeal is that the revocation hearing was not held within sixty days of his arrest. The State responds that Virgies waived his right to demand that the hearing be held within sixty days because he did not object to the delay until the July 31 revocation hearing. We agree. Arkansas's revocation statute provides that a "revocation hearing shall be conducted by the court . . . within a reasonable period of time after the defendant's arrest, not to exceed sixty (60) days." Ark. Code Ann. § 16-93-307(b)(2) (Repl. 2016). We have held that the sixty-day limitation pertaining to revocation hearings is not jurisdictional; rather, it represents the period beyond which the hearing cannot be delayed if the defendant objects. *Haskins v. State*, 264 Ark. 454, 572 S.W.2d 411 (1976); *Jones v. State*, 2012 Ark. App. 69, 388 S.W.3d 503; *Cooper v. State*, 2009 Ark. App. 861. Thus, when the defendant does not object to the timeliness of the hearing prior to the expiration of the sixty-day period, he or she waives the right to insist on a timely hearing. *Cooper, supra*. Because Virgies did not object to the hearing until well after the sixty-day period had expired, he has waived any objection to the timeliness of the revocation hearing.

Virgies's second and third appellate points are not preserved; therefore, we affirm the circuit court's revocations without addressing the merits of his arguments. When a circuit court bases its decision to revoke probation on multiple independent grounds and the appellant fails to challenge each ground, we can affirm without addressing the merits of appellant's argument. *E.g.*, *Williams v. State*, 2015 Ark. App. 245, at 10, 459 S.W.3d 814,

3

820. In the instant case, the circuit court found that Virgies had violated the terms of his probation by having a gun in his home. This ground for revocation is independent of, and does not depend on, the victim's identification of Virgies. Accordingly, we reject Virgies's second appellate argument.

Virgies's sufficiency argument also fails for the same reason. Virgies does not challenge the circuit court's decision to revoke his probation for having a gun in his home in violation of the conditions of probation, and as noted, when a circuit court bases its decision on multiple, independent grounds and an appellant challenges only one of those ground on appeal, we will affirm without addressing the merits of the argument. *See Bedford v. State*, 2014 Ark. App. 239. Because Virgies failed to challenge the circuit court's alternative grounds for revocation on appeal, and the State presented evidence on these violations, we must affirm.

Affirmed.

HIXSON and MURPHY, JJ., agree.

*Bill E. Bracey, Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.

4