Cite as 2019 Ark. App. 534

# ARKANSAS COURT OF APPEALS

DIVISION III

No. CR-19-97

|  |  |  |
|---|---|---|
| ANASTASIA TURNER | | OPINION DELIVERED: NOVEMBER 13, 2019 |
| | APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CR-15-1703] |
| V. | | |
| | | HONORABLE BRADLEY LEWIS KARREN, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## ROBERT J. GLADWIN, Judge

The Benton County Circuit Court revoked Anastasia Turner's probation. She appeals the revocation order and argues that the evidence was insufficient. We affirm.

In May 2016, Turner entered into a plea agreement wherein the State dismissed case number 2010-1232-2(B) and accepted Turner's guilty plea in case number 2015-1702-2 for residential burglary and second-degree assault. The circuit court adopted the agreement. Turner was sentenced to seven years' supervised probation and ordered to pay $1,695 in fines, fees, and costs payable at the rate of $50 a month, plus a $5 collection fee each month. She was to have no contact with Maggie Porch and was ordered to complete 365 days in a community-corrections center with credit for nineteen days served. The sentencing order was filed June 7, 2016, and amended June 9 and 20.

The State filed a petition to revoke Turner's probation on May 15, 2018, alleging that she had violated the conditions of her probation because she (1) failed to report as

directed on September 1, 2017, and January 29, 2018; (2) associated with convicted felons on September 14, 2017; (3) failed to report her change of address; (4) failed to pay supervision fees, having a balance of $150; and (5) failed to pay fines, fees, and restitution as ordered.

At the September 11, 2018 revocation hearing, Matthew Jenkins, an employee with Arkansas Community Correction, testified on behalf of Officer Ruendi Sierra, Turner's supervisor who was unavailable to testify. Jenkins said that Officer Sierra's notes reflect that Turner had reported for eight months, but she did not report for the four months "when she absconded." There were no drug tests, communications, or information about where she was or what she was doing between September 1, 2017, and January 29, 2018. He said that she had associated with known felons on September 14, 2017. He said that Officer Sierra had noted many times he had told Turner not to "hang out with a certain individual." He said that Officer Sierra had multiple visits when "she was at the [the felon's] residence." He said that one rule of probation is that the probationer must not associate with felons. He also said that Officer Sierra had told Turner that she could not live at an address with other felons, and she did not provide any new address. He said that Turner owed $220 in supervision fees. The State introduced an exhibit reflecting that Turner owed $3,480 in court costs and fees, and it was admitted without objection.

The State rested, the defense rested, and the State offered no witnesses in rebuttal. The State then argued that Turner previously had been on probation, that she had numerous arrests, and that she had appeared in the same circuit court the day before on a new charge

for drug paraphernalia. The State asserted that because of her failure to report and her association with other felons, she should not continue on probation.

Instead of making an argument to the circuit court at that time, defense counsel called Turner to the stand. She testified that the felon with whom she had been associating was Ryan Garza, her former fiancé, who was on parole. Turner said that she did not report to her probation supervisor at the end of 2017. She said that she got "into drugs" and that when she was arrested, she asked for help from her probation officer and was put on a waiting list to get assessed. Turner said that she had been living with Ryan Garza but had moved back to her mother's house and that she thought Officer Sierra knew where she was. She said that there had not been a home visit for her at Ryan Garza's house—the visit was for him. She explained that her charges for residential burglary and assault were from an incident when she had found a former boyfriend in bed with another woman—she had not intended to rob him; she broke in because she was mad, and she got into a fight. She said that if she were put back on probation, she would have a job and plenty of support from her family and friends. On cross-examination, Turner said that she had not reported during her probation because she "felt scared and got lost in [her] addiction."

In its closing argument, the State asked that Turner be sentenced to the Arkansas Department of Correction (ADC) with judicial transfer to a community-corrections facility for a term of six years, with fourteen years suspended. Turner's defense counsel argued that she needed some help with her drug addiction.

The circuit court found that Turner had willfully failed to comply with her probation terms. She was sentenced to six years in the ADC with judicial transfer to a community-

corrections facility, an additional fourteen years' suspended imposition of sentence, and was ordered to pay the balance of $3,480 for costs and fees.[1]  This appeal followed.[2]

The applicable law and standard of review in revocation cases is as follows:

> Pursuant to Arkansas Code Annotated section 16-93-308(d) (Repl. 2017), a circuit court may revoke a defendant's probation at any time prior to the expiration of the period of probation if it finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of the probation. *Springs v. State*, 2017 Ark. App. 364, at 3, 525 S.W.3d 490, 492. "Thus, to sustain a revocation, the State need show only that the defendant committed one violation." *Id*. The State's burden of proof in a revocation proceeding is less than is required to convict in a criminal trial, and evidence that is insufficient for a conviction thus may be sufficient for a revocation. *Id*. When the sufficiency of the evidence is challenged on appeal from an order of revocation, the circuit court's decision will not be reversed unless its findings are clearly against the preponderance of the evidence. *McClain v. State*, 2016 Ark. App. 205, at 3, 489 S.W.3d 179, 181. . . . This court defers to the circuit court's superior position in evaluating the credibility and weight to be given testimony. *Peals v. State*, 2015 Ark. App. 1, at 4, 453 S.W.3d 151, 154. Finally, only one violation of probation is required to sustain a revocation. *Springs*, 2017 Ark. App. 364, at 3, 525 S.W.3d at 492.

*Vangilder v. State*, 2018 Ark. App. 385, at 2–3, 555 S.W.3d 413, 415.

In her appeal, Turner argues that because Officer Jenkins's testimony did not specify on which date she failed to report, the evidence does not sustain the failing-to-report allegation in the revocation petition.  She also contends that Officer Jenkins's testimony regarding her association with convicted felons was lacking because he stated that she had been warned "not to hang out with a certain individual," but he failed to establish that the individual had been convicted of felonies or that Turner was aware of his felon status.  She

---

[1]After Turner was sentenced, the State dismissed the drug-paraphernalia charge against her in case number 2018-1639.

[2]Turner filed an untimely notice of appeal, but the Arkansas Supreme Court granted her motion for belated appeal.

4

admits that her probation agreement prohibits association with persons specified by any supervising officer and that, arguably, Officer Jenkins's testimony established that she was told not to associate with the individual and that she continued to do so. But she argues that the State did not allege that she was inexcusably associating with whom she was told not to associate. She claims that the testimony did not establish that the "individual" was a convicted felon.

Turner also claims that the proof does not support that she failed to report a change of address. She contends that Officer Jenkins's testimony that she had been told she could not live at that address with that particular man "so she did not provide him an address at that point" did not establish that she changed addresses.

Finally, Turner contends that the State did not establish by a preponderance of the evidence that her failure to pay her costs and fines was willful. When the alleged probation violation is a failure to make payments as ordered, it is the State's burden to prove that the failure to pay was inexcusable; once the State has introduced evidence of nonpayment, the burden of going forward shifts to the defendant to offer some reasonable excuse for failing to pay. *Webster v. State*, 2019 Ark. App. 454, at 5, 588 S.W.3d 95, 98. If the probationer asserts an inability to pay and provides evidence to demonstrate that inability, then the State must demonstrate that the probationer did not make a good-faith effort to pay. *Williams v. State*, 2019 Ark. App. 437, at 3, 586 S.W.3d 208, 210. Despite the shifting of the burden of production, the State shoulders the ultimate burden of proving that the probationer's failure to pay was inexcusable. *Id.*

5

Turner argues that Officer Jenkins's testimony that "[a]s far as I know at this point, her supervision fees balance is two hundred twenty dollars" is unclear. Further, she asserts that the State's exhibit represents that she owed over $3,000, which is a combination of two cases—number 2010-1232 and number 2015-1703. She argues that case number 2010-1232 was dismissed; nevertheless, residual fines, restitution, and costs from that case are included in the State's exhibit. Further, she asserts that her present case does not include restitution. She contends that the State failed to explain the exhibit as presented.

We hold that the circuit court did not err by finding that Turner inexcusably violated the terms and conditions of her probation. Officer Jenkins's unchallenged testimony was that between September 1, 2017, and January 29, 2018, Turner failed to report as directed and had no contact with the probation office during that time. He also said that she had been told not to be at the home of a felon, that she was found there on multiple occasions, and that she was living there. Officer Jenkins testified that Turner was told she had to move because she could not live with a felon, and she failed to provide a change of address. Finally, Officer Jenkins testified that Turner owed $220 in supervision fees, and the circuit court admitted without objection the State's exhibit showing that she owed $3,480 in fines, fees, and costs.

The circuit court also heard testimony from Turner before it ruled on the State's motion for revocation. Turner testified that she failed to report as directed because she was "into drugs." She also said that during her probation, she was living with Ryan Garza, who was on parole.

6

Even without Turner's testimony, there was evidence that she failed to pay $220 in supervision fees, she failed to report for four months, and she associated with a felon. Giving deference to the circuit court's credibility determinations, we hold that the circuit court's decision that Turner inexcusably violated the terms of her probation was not clearly against the preponderance of the evidence.

Affirmed.

MURPHY and BROWN, JJ., agree.

*Robert M. "Robby" Golden*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for appellee.