Cite as 2021 Ark. App. 224

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** CR–20–722

| | |
|---|---|
| TYRIQUE K. SKINNER<br><br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** May 5, 2021<br><br>APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT<br>[NO. 16JCR–16–1101]<br><br><br>HONORABLE TONYA M. ALEXANDER, JUDGE<br><br>AFFIRMED |

## MIKE MURPHY, Judge

The appellant, Tyrique Skinner, appeals the circuit court's order revoking his probation. He argues that the revocation is clearly against the preponderance of the evidence, which, he says, demonstrated that he did not willfully violate the conditions of his supervised release. We affirm.

I. *Facts and Procedural History*

On June 7, 2018, Skinner pleaded guilty to two counts of breaking and entering and two counts of theft of property. The circuit court ordered him to serve three years' supervised probation and pay restitution in the amount of $1,463.66.

On October 11, 2018, the State filed a petition to revoke Skinner's probation, alleging that he had violated the conditions of his supervised release. Specifically, the State alleged that Skinner "failed to live a crime-free life and committed the crimes of forgery,

possession of a firearm by certain persons, and possession of marijuana in Crittenden County, Arkansas, on or about August 19, 2018." According to the petition, Skinner "was associating with known felons" during the incident and "was in possession of marijuana." The State further alleged that Skinner also had "a balance due of $1,913.66 to the Craighead County Sheriff's Office for restitution, fines, and court costs."

The State followed with an amended petition to revoke on April 8, 2020. The amended petition incorporated the allegations in the original petition filed on October 11, 2018, and alleged that Skinner had violated several more conditions of his probation. In particular, the amended petition alleged that Skinner failed to report as directed to his supervising officer and failed to appear for a hearing on March 10, 2020. The amended petition further alleged that Skinner was "$205.00 in arrears in supervision fees" and that he willfully failed to pay "a total balance of $2,083.66 due to the Craighead County Sheriff's Office for restitution, fines, and court costs." Finally, the amended petition included an Arkansas Community Correction violation report that, among other things, indicated that Skinner had positive drug tests and had been charged with a "new misdemeanor" on August 5, 2019.

At the revocation hearing on September 9, 2020, Skinner's probation officer, Adrian Harris, testified that he first reported that Skinner had violated his probation on December 21, 2019. At that time, Officer Harris alleged that Skinner failed to report to him as directed on November 13 and December 11, 2019. Officer Harris's subsequent attempts to contact Skinner also failed until January 16, 2020, when Skinner was arrested on misdemeanor

charges. Officer Harris testified that regular contact with Skinner resumed until Skinner failed to report as ordered on July 13, 2020.

Becky Mahon, the fine and fee collector for the Craighead County Sheriff's Office, also testified. According to Ms. Mahon, Skinner had not made any payment toward the restitution, fines, and court costs that he owed, and he still had an outstanding balance of $2,143.66.

For his part, Skinner testified that he was eighteen years old when he pleaded guilty to breaking and entering and theft of property in June 2018. He explained that he did not report as ordered on November 13 and December 11, 2019, because he was trying to find employment that would allow him the income to pay the restitution, fines, and court costs that he owed. Regarding his failure to report on July 13, 2020, Skinner testified that he had been "going through a lot," including his mother's "medical issues" and the loss of utility service to his home. Skinner also said that he did not have a phone or anyone to drive him to his probation appointments. He further claimed that he attempted to explain all of these circumstances to Officer Harris, but "he wasn't listening."

Regarding his unpaid restitution, fines and costs, Skinner testified that his father told him "he was paying it," and that Skinner himself "was young," and "didn't know anything about it." He also testified, however, that he was employed at Riceland Foods and "could start paying on it now."

Skinner also testified about his arrests since he started serving probation. He acknowledged that he had been arrested on August 19, 2018, for possession of a firearm and possession of marijuana—as alleged in the original petition to revoke—but testified that

3

those charges had been "thrown out." Skinner also denied that he had been associating with known felons during that incident. He admitted, however, that months later, in March 2019, he failed a drug test for marijuana. Skinner also acknowledged that he had been arrested in January 2020—when Officer Harris found him in the county jail—for possession of marijuana, and after initially claiming that charge had also been dismissed, he admitted that he had pleaded guilty in August 2020. On examination by the circuit court, Skinner further admitted that he could not pass a drug test for marijuana and that he last smoked the substance "a week or two ago."

At the conclusion of the hearing, the circuit court announced from the bench that it was revoking Skinner's probation on the bases of his failure to report as ordered; his guilty plea to possession of marijuana; and his failure to pay restitution, fines, and court costs. The circuit court later entered a sentencing order that revoked Skinner's probation and sentenced him to a three-year term of incarceration in a community-correction facility followed by two years' suspended imposition of sentence. Skinner filed a timely notice of appeal on September 28, 2020.

## II. *Discussion*

Skinner contends that the revocation of his probation should be reversed because it is not supported by a preponderance of the evidence. Specifically, he appears to argue that the circuit court overlooked the reasonable explanations that he offered to explain his failure to report and pay his restitution, fines, and court costs as ordered. The State responds that Skinner's challenges to the sufficiency of the evidence are procedurally barred because he fails to also challenge the circuit court's alternative basis for revoking his probation—his

4

conviction for possession of marijuana. The State alternatively contends that the revocation is supported by a preponderance of the evidence.

We have held that we will affirm "[w]hen a circuit court bases its decision . . . on multiple independent grounds, and [an] appellant fails to attack any [one] of [the] alternative bases[.]" *Clark v. State*, 2019 Ark. App. 362, at 5, 584 S.W.3d 680, 683. To sustain a revocation of probation, moreover, the State must show only that the defendant committed one violation. *Springs v. State*, 2017 Ark. App. 364, at 3, 525 S.W.3d 490, 492.

We agree that Skinner's challenges to the sufficiency of the evidence are procedurally barred. Skinner challenges only the circuit court's findings that he failed to report as ordered and failed to pay his restitution, fines, and costs. He does not challenge the circuit court's other basis for revoking his probation—his conviction for possession of marijuana. Therefore, because Skinner's guilty plea for possession of marijuana independently supports the revocation of his probation, and he fails to challenge it here, we must affirm.[1]

Affirmed.

VIRDEN and BROWN, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.

---

[1]The State correctly points out that Skinner's guilty plea to possession of marijuana was not specifically alleged in the State's petition to revoke his probation. Skinner made no objection in the circuit court, however, to the revocation of his probation on that basis.