Cite as 2024 Ark. App. 584

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-24-121

| | | |
|---|---|---|
| DONALD FREEMAN<br><br>APPELLANT | | Opinion Delivered November 20, 2024 |
| V. | | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT<br>[NO. 18CR-22-546] |
| STATE OF ARKANSAS<br><br>APPELLEE | | HONORABLE DAN RITCHEY, JUDGE<br><br>AFFIRMED |

**MIKE MURPHY, Judge**

The Crittenden County Circuit Court revoked appellant Donald Freeman's suspended imposition of sentence (SIS) and sentenced him to three years' imprisonment followed by five years' SIS. On appeal, Freeman challenges the sufficiency of the evidence supporting the revocation. We affirm.

On June 5, 2023, Freeman pleaded guilty to one count of delivery of methamphetamine or cocaine weighing under two grams in case number 18CR-22-546. He was placed on sixty months' SIS. As part of his plea, Freeman agreed to certain terms and conditions, which included paying fines, costs, restitution, and fees; living a law-abiding life; and possessing no firearms. On September 19, the State petitioned to revoke Freeman's SIS, alleging that he failed to pay fines, costs, restitution, and fees as directed; failed to live a law-abiding life; and committed

the new offense of possession of a firearm by a certain person and possession of drug paraphernalia.

A revocation hearing was conducted on December 4. At the hearing, Officer Blaine Cagle with the West Memphis Police Department testified that while he was running surveillance on Freeman's home, Freeman was involved in a traffic stop at another location and was brought back to his house. Cagle testified that he and other officers conducted a probation search of the home. During the search, Cagle found drug paraphernalia throughout the home, a loaded rifle hidden in a floor vent, and ammunition that matched the rifle in a nightstand and a dresser. Cagle testified that Freeman later described in an interview that his bedroom was the one where the ammunition was found. Cagle also testified that Freeman denied ownership of the firearm.

Officer Jamie Counce with the West Memphis Police Department also testified. Counce's testimony matched Cagle's, and he added that before the search, Freeman told him that there was likely a methamphetamine pipe in the home due to people "coming and going." Counce said that Freeman told him he was the only person living in the home at the time.

Patricia Joplin, record keeper for the Crittenden County Sheriff's Department, testified that Freeman's statement amount is $915 and that he was ordered to pay $35 a month beginning July 5, 2023. She testified that Freeman made a $100 payment on October 13 but that due to the computer system, the payment was automatically applied to one of

Freeman's older cases. She said he has a total of five cases that require payment on fines and that he has made only seven payments since 2012 on those cases.

Beth Turner testified for the defense and stated that several people lived in Freeman's home and that people come and go. She said that she was living at Freeman's home the day of the probation search. She testified that the firearm was a Christmas gift for her grandson, and she knew Freeman was not supposed to have a firearm, so she hid it. She testified that she did not keep the receipt or register the firearm. She also claimed she was not aware that the gun was loaded.

Last, Freeman testified that his home is owned by his brother and that when his brother moved about five years ago, he left many of his belongings behind, including the ammunition found in the home. He testified that he does not work and draws disability. He explained he is unable to manage his finances, so his sister helps him and that she is in charge of making his payments toward his fines and court costs.

At the conclusion of the hearing, the court found that Freeman had missed payments and provided no reasonable explanation for that failure and that he failed to live a law-abiding life. Freeman's SIS was revoked, and he appealed.

On appeal of a revocation, we determine whether the circuit court's findings are clearly against the preponderance of the evidence. *Vail v. State*, 2019 Ark. App. 238. To revoke probation, the State has the burden of proving that a condition of probation was violated. *Id.* Because the burden of proof is by a preponderance of the evidence rather than beyond a reasonable doubt, evidence that is insufficient to support a criminal conviction

may be sufficient to support a revocation. *Id.* Because a determination of the preponderance of the evidence turns heavily on questions of credibility and weight to be given to the testimony, the appellate courts defer to the circuit court's superior position in this regard. *Mosley v. State*, 2023 Ark. App. 103, at 6.

On appeal, Freeman argues that there was insufficient evidence that he failed to live a law-abiding life. To support his argument, he contends the State failed to prove that he had constructive possession over the firearm and drug paraphernalia. While he concedes that he knew that paraphernalia could be in the house because of other individuals, he says he did not know where it was located and that it was not his. Further, he directs us to Turner and her testimony that he did not know the firearm existed or was hidden in the vent.

When determining whether a defendant is in possession of contraband, the State does not need to prove actual possession; constructive possession is sufficient. *Franklin v. State*, 60 Ark. App. 198, 201–02, 962 S.W.2d 370, 372 (1998). To prove constructive possession, the State must establish that the accused exercised "care, control, and management over the contraband." *Farris v. State*, 2024 Ark. App. 188, at 8, 686 S.W.3d 602, 608 Additionally, there must be some evidence that the accused had knowledge of the presence of the contraband. *Id.* Control over and knowledge of the contraband can be inferred from the circumstances, such as the fact that it is in plain view, the ownership of the property where the contraband is found, and the accused's suspicious behavior. *Id.* Location of the contraband in close proximity to the accused and the improbable nature of the accused's explanations can also be sufficient linking factors to support constructive

possession. *Id.* There is no requirement that all or even a majority of the linking factors be present to constitute constructive possession of the contraband. *Id.*

Freeman's contention that he had no knowledge of the paraphernalia's location or the firearm's existence in the home lacks merit. Freeman told officers that he was the only person living in the home when the contraband was found, and not only did Freeman tell officers that the paraphernalia was generally in the dining room, but also, matching bullets to the firearm were found in Freeman's nightstand and dresser. While Freeman testified that his brother owned the home and that he left the ammunition, Freeman also testified that his brother had not been in the home for five years. The circuit court is not required to believe a defendant's self-serving testimony. *Hayes v. State*, 2024 Ark. App. 347, at 10. Concerning the firearm, even though Turner testified that Freeman was unaware of the firearm's existence in the home, the court was free to also disregard that testimony. In light of these circumstances, the circuit court did not err in finding that Freeman failed to live a law-abiding life in violation of his SIS.

Because proof of just one violation of the probation terms and conditions is sufficient to support revocation, we affirm. *See Vail*, 2019 Ark. App. 238.

Affirmed.

WOOD and BROWN, JJ., agree.

*S. Butler Bernard, Jr.*, for appellant.

*Tim Griffin*, Att'y Gen., by: *A. Evangeline Bacon*, Ass't Att'y Gen., for appellee.