Cite as 2025 Ark. App. 43

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CR-24-103

|  |  |  |
|---|---|---|
| JOSEPH BURNSED | | Opinion Delivered January 29, 2025 |
| | APPELLANT | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT [NO. 16JCR-21-824] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE CHRIS THYER, JUDGE |
| | APPELLEE | AFFIRMED |

## CASEY R. TUCKER, Judge

Joseph Burnsed appeals the Craighead County Circuit Court's order revoking his suspended imposition of sentence and sentencing him to three years in the Arkansas Division of Correction. On appeal, Burnsed argues that the State presented insufficient evidence to support the findings that he possessed a controlled substance and that he had used methamphetamine prior to the hearing. We affirm.

On June 30, 2022, Burnsed pleaded guilty to breaking or entering and theft of property. The circuit court sentenced him to thirty-six months' incarceration followed by thirty-six months' suspended imposition of sentence. The conditions of his suspended imposition of sentence included, but were not limited to, not committing a criminal offense punishable by imprisonment; not using, selling, distributing, or possessing any controlled substance; not associating with any person who is participating in or is known to participate

in the illegal use, sale, distribution, or possession of controlled substances; and not associating with persons who have been convicted of felonies or are engaged in criminal activity.

On July 13, 2023, the prosecuting attorney filed a petition to revoke Burnsed's suspended sentence alleging that he failed to live a law-abiding life, had possessed greater than ten grams and less than two hundred grams of methamphetamine, and had tampered with evidence. The hearing on the State's petition to revoke was held on October 17, 2023.

In reviewing the sufficiency of the evidence in revocation cases, this court views the evidence in the light most favorable to the State. *London v. State*, 2017 Ark. App. 585, at 3, 534 S.W.3d 758, 760. When viewed in such light, the evidence at the revocation hearing supported the following findings. Officers Ronnie Crain and Zacchary Hobbs were on duty the night of June 28, 2023, when they saw Burnsed riding a bicycle through a park that was closed for the night. The officers intercepted Burnsed as he exited the park and stopped him because, in addition to being in a closed park, he was riding on a roadway without a reflector or white light on the front of his bike.

When the officers stopped him, Burnsed moved awkwardly as he got off the bicycle, sliding his feet across the ground and spreading his feet so wide that he appeared to be off balance. Although it was dark, there was light from the officers' cars and their flashlights. As Officer Hobbs approached Burnsed, he spotted a baggie about two inches behind his feet. The baggie looked "pretty new" and was lying atop the pine needles and other debris that were on the ground in the area. It did not appear to have been there long and was lying

"literally right at his feet" where Burnsed had dismounted his bike. The baggie contained what turned out to be approximately fourteen grams of methamphetamine.

The following could be gleaned from Burnsed's testimony. In addition to absconding from parole, he had used methamphetamine about two days before the revocation hearing. If he were tested for methamphetamine the day of the hearing, he most likely would have tested positive. Burnsed used methamphetamine with his friends who are convicted felons. Burnsed and his felon friends are not supposed to smoke methamphetamine, but they do.

At the conclusion of the hearing the circuit court revoked Burnsed's suspended sentence and sentenced him to three years in the Arkansas Division of Correction. On appeal, Burnsed argues there was insufficient evidence to support the revocation. Specifically, he asserts that there was insufficient proof that the baggie of methamphetamine found at his feet belonged to him and that his testimony that he had recently used methamphetamine, without a test that proved use, was insufficient to support a conclusion that he truly had used methamphetamine. We disagree.

The State's burden of proof and this court's standard of review in revocation cases are well established.

> To revoke an SIS, the circuit court must find by a preponderance of the evidence that the defendant has inexcusably violated a condition of the probation or suspension. *Springs v. State*, 2017 Ark. App. 364, at 3, 525 S.W.3d 490, 492. The State's burden of proof in a revocation proceeding is lower than that required to convict in a criminal trial, and evidence that is insufficient for a conviction may be sufficient for a revocation. *Id.* The State does not have to prove every allegation in its petition, and proof of only one violation is sufficient to sustain a revocation. *Mathis v. State*, 2021 Ark. App. 49, at 3, 616 S.W.3d 274, 277. We will uphold the circuit court's findings unless they are

3

clearly against the preponderance of the evidence. *Id.* Because the determination of a preponderance of the evidence turns on questions of credibility and weight to be given to the testimony, we defer to the circuit court's superior position to do so. *Burgess v. State*, 2021 Ark. App. 54, at 6.

*Abernathy v. State*, 2024 Ark. App. 532 at 3, 699 S.W.3d 842, 845.

When, as here, the State alleges possession of contraband as a basis for revocation, it is not required to prove actual possession. Rather, constructive possession is sufficient. *Knauls v. State*, 2020 Ark. App. 48, 593 S.W.3d 58. This court in *Knauls* went on to explain:

> To prove constructive possession, the State must establish that the defendant exercised care, control, and management over the contraband. We look to whether the contraband was located in a place that was under the dominion and control of the accused . . . . The defendant's control over and knowledge of the contraband can be inferred from the circumstances, such as the proximity of the contraband to the accused, the fact that it is in plain view, the ownership of the property where the contraband is found, and the accused's suspicious behavior.

*Id.* at 4, 593 S.W.3d at 61 (citations omitted). This court has explained, "Location of the contraband in close proximity to the accused and the improbable nature of the accused's explanations can also be sufficient linking factors to support constructive possession. There is no requirement that all or even a majority of the linking factors be present to constitute constructive possession of the contraband." *Freeman v. State*, 2024 Ark. App. 584, at 4–5, 701 S.W.3d 57, 60. *See also Farris v. State*, 2024 Ark. App. 188, 686 S.W.3d 602.

In the present case, Burnsed made furtive movements with his feet and legs as he dismounted his bicycle. Immediately upon dismounting, he stood with his legs so far apart that he almost lost his balance. While it is true that Burnsed was in a public place and the officers did not see him drop anything, the contraband was right at his feet. The visibly new

4

baggie was lying atop pine needles and other debris on the ground and immediately caught Officer Hobbs's attention as he approached Burnsed.

Burnsed claimed that his bicycle did not have brakes, so he spread his legs wide in order to stop it. However, according to the officers who testified, he made the unusual movements as he dismounted his bike. Burnsed claimed that since the particular park where the officers stopped him is a public place where drug activity takes place, someone else must have dropped the baggie. Yet, the park was closed; Burnsed had just ridden through the park; the baggie was inches from his feet; and it did not appear to have been there long enough for pine needles and debris to be on top of it. Perhaps even more telling is the fact that the baggie contained over fourteen grams of methamphetamine, an amount not likely to have been carelessly dropped by a previous drug user or dealer in the park.

In sum, the contraband was in plain view and in very close proximity to Burnsed, who acted suspiciously and offered improbable explanations for his actions and the presence of the baggie at his feet. Applying the factors set by precedent, we conclude that the circuit court's determination that Burnsed possessed the illegal drug was supported by substantial evidence.

The State need only prove one violation for the court to revoke a suspended imposition of sentence. Thus, the circuit court's revocation of Burnsed's suspended sentence was appropriate based on the proof of possession of contraband.

That said, Burnsed's own testimony at trial provided additional bases for revocation. As found by the circuit court, by his own admission, Burnsed absconded from parole,

5

associated with felons, smoked methamphetamine with his friends, and used methamphetamine two days before the hearing. These constitute additional inexcusable violations of Burnsed's suspended sentence.

Burnsed claims his admission at trial of recent methamphetamine use, without the appropriate drug testing, is insufficient evidence, but he fails to develop this argument or support it with authority. We do not consider arguments when the appellant does not cite authority and fails to make convincing argument. *Hollis v. State*, 346 Ark. 175, 55 S.W.3d 756 (2001). Contrary to his assertion, Burnsed's sworn testimony at the revocation hearing that he had used methamphetamine two days earlier was sufficient to find that he had, in fact, used methamphetamine in violation of his suspended sentence. *See, e.g., Honeycutt v. State*, 2024 Ark. App. 54, 683 S.W.3d 242.

We affirm the circuit court's revocation of Burnsed's suspended imposition of sentence.

Affirmed.

WOOD and BROWN, JJ., agree.

*James Barr*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.