Cite as 2025 Ark. App. 287

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CR-24-619

| | | |
|---|---|---|
| MICHAEL GOODSON | | Opinion Delivered May 7, 2025 |
| | APPELLANT | |
| | | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT [NO. 16JCR-22-285] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE CHRIS THYER, JUDGE |
| | | AFFIRMED |

**CASEY R. TUCKER, Judge**

Appellant Michael Goodson appeals the revocation of his suspended imposition of sentence (SIS) by the Craighead County Circuit Court. He argues that the circuit court erred in denying his motion to dismiss the petition to revoke based on insufficient evidence. We affirm.

Goodson pleaded guilty to possession of methamphetamine, two to ten grams, a Class C felony, in case number 16JCR-22-285, on January 10, 2023. The circuit court sentenced him to eighteen months in the Division of Community Correction and thirty-six months' SIS. The terms and conditions of his SIS included that he not commit a new offense punishable by imprisonment or possess any controlled substances. The State filed a petition to revoke Goodson's SIS on May 9, 2024, alleging that Goodson had failed to live a law-

abiding life and was found to be in possession of methamphetamine on April 9, 2024. The petition sought to revoke three probationary sentences: the present case, 16JCR-22-285; 16JCR-17-1615, a 2021 guilty plea to possession of methamphetamine for which appellant was serving five years' probation; and 16JCR-17-1007, a 2021 guilty plea to possession of methamphetamine for which appellant was serving five years' SIS.[1]

The revocation hearing on the State's petition to revoke on all three cases took place on June 11, 2024. The State called two witnesses, Officer Faith Kelemen and Officer Greg Trout of the Jonesboro Police Department. Officer Kelemen testified that on April 9, 2024, shortly after 11:00 p.m., she pulled Goodson over because he was driving a car with fictitious tags and an improperly displayed license plate. Goodson was the only occupant of the car. Goodson provided his identification and informed Officer Kelemen that he was on parole. Officer Kelemen had him exit the car, and other Jonesboro police officers joined her to conduct a parole search of Goodson's person and car. During the search, one of the officers informed Officer Kelemen that he had recently stopped Goodson and that Goodson's modus operandi was to "slow roll" when he was being pulled over and throw contraband out of the driver's–side window while turning right. Upon receiving this information, Officer Kelemen walked back in the direction from which the car had approached and discovered a small bag that contained 1.25 grams of methamphetamine on the ground where

---

[1]The circuit court held a combined revocation hearing for all three cases but issued separate sentencing orders in each case. Goodson has filed separate appeals, and today we hand down opinions in all three cases. *See Goodson v. State*, 2025 Ark. App. 286; *Goodson v. State*, 2025 Ark. App. 288.

Goodson had turned right. The location of the contraband was approximately ten to fifteen yards behind where Goodson had finally stopped the car. She arrested Goodson for possession and for tampering with the evidence by throwing it out the car window. Goodson denied that it was his bag of methamphetamine. Officer Kelemen testified that in two and a half years of being an officer, she had never seen bags of methamphetamine just "lying around."

The State called Officer Greg Trout, who had conducted a traffic stop of Goodson on March 19, 2024. When he pulled Goodson over, Goodson "slow rolled" before turning right. After releasing Goodson, and as he was returning to his unit, Officer Trout discovered a bag of methamphetamine and a pipe on the ground where Goodson had slowly driven through the intersection and turned right. The contraband was about ten yards behind where Goodson's car had come to a stop. Flash forward to April 9, 2024, and Officer Trout arrives on the scene when Officer Kelemen stops Goodson. He informed Officer Kelemen of Goodson's previous ploy, and when they walked back to where Goodson crept through the intersection and turned right, they found a bag of methamphetamine. Officer Trout testified that sometimes it may happen that someone leaves a bag of methamphetamine somewhere but not in close proximity to a traffic stop with a bag of methamphetamine and a pipe together as he had found during his traffic stop. And, it was a fairly busy intersection, and the glass pipe had not been broken. He testified that a reasonable officer would think that Goodson had dropped the methamphetamine from the car.

At the close of the State's case, Goodson moved to dismiss, which was denied by the court. He renewed his motion after declining to present any evidence of his own and resting his case. The court again denied the motion. The court found that Goodson had inexcusably violated the terms and conditions of all three of his probated sentences and, in the present case, sentenced Goodson to 102 months' imprisonment. Goodson appealed all three revocations and argues on appeal that the State failed to prove possession of methamphetamine by a preponderance of the evidence.

In order to prevail in a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant inexcusably failed to comply with at least one condition of his probation or SIS. *Ames v. State*, 2024 Ark. App. 434, 698 S.W.3d 668. On appellate review, we will not reverse the circuit court's decision unless it is clearly against the preponderance of the evidence. *Id.* This court defers to the circuit court's superior position on questions of credibility and the weight to be given testimony. *Id.* Because the burden of proof in a revocation proceeding is less than that in a criminal case, proof that would be insufficient to obtain a criminal conviction may be sufficient to support a revocation. *Id.* We review the sufficiency of the evidence in the light most favorable to the State. *Passmore v. State*, 2024 Ark. App. 425, 698 S.W.3d 400.

It is undisputed that the conditions of Goodson's SIS included not committing any crimes punishable by imprisonment and not possessing any controlled substances for illegal use. It goes without saying that possessing methamphetamine would constitute a violation of at least two conditions of his SIS. *See* Ark. Code Ann. §§ 5-64-419(b)(1)(A) (Repl. 2024);

4

5-4-401(a)(5) (Repl. 2024). However, the contraband in this case was not found in Goodson's actual possession. Thus, this case concerns an issue of constructive possession.

It is not necessary for the State to prove literal physical possession of contraband as a basis for revocation; it is enough for the State to prove constructive possession. *Knauls v. State*, 2020 Ark. App. 48, 593 S.W.3d 58. This court has said that constructive possession of contraband is the knowledge of its presence and control over it. *Williams v. State*, 2024 Ark. App. 570, 702 S.W.3d 431. A defendant's knowledge of and control over the contraband can be inferred from the circumstances. *Knauls, supra.* Factors to consider in determining whether the defendant had knowledge and control over the contraband include proximity of the contraband to the accused, the fact that the contraband is in plain view, the ownership of the property where the contraband is found, and the accused's suspicious behavior. *Id.* Additional considerations include the improbability that anyone other than the accused placed the contraband in the location where it is found and the accused's unlikely explanations. *Block v. State*, 2015 Ark. App. 83, 455 S.W.3d 335. "There is no requirement that all or even a majority of the linking factors be present to constitute constructive possession of the contraband." *Freeman v. State*, 2024 Ark. App. 584, at 4–5, 701 S.W.3d 57, 60. *See also Farris v. State*, 2024 Ark. App. 188, 686 S.W.3d 602. Constructive possession can be found even where the contraband is in a public and outdoor location as in the present case. *See Burnsed v. State*, 2025 Ark. App. 43, 704 S.W.3d 370.

This case is akin to *Burnsed*, a case in which officers stopped the appellant because he was riding a bicycle after hours in a public park. As the appellant came to a stop on his

5

bicycle he awkwardly dismounted and stood with his legs very far apart. The officers found a small bag of methamphetamine near his feet. This court found the evidence sufficient to support constructive possession of a controlled substance and affirmed the revocation of the appellant's SIS.

In the present case, when the officer pulled Goodson over, instead of pulling to the shoulder, Goodson slowly rolled until he had an opportunity to turn right, then he took the right-hand turn and rolled to a stop. The contraband was found where Goodson had turned and where Goodson's car would have blocked the officer's view of his throwing something out his window. In *Burnsed*, the contraband was by the appellant's feet in a public park, whereas in the present case, the contraband was several yards behind the appellant's car on a public roadway. However, in both cases, the officers did not see the appellant drop anything on the ground. And, in both cases, the accused suggested that anyone could have dropped the drugs on the ground because they were in a public place. Moreover, in the present case, it is highly suspicious that twice, while being pulled over in a traffic stop, Goodson "slow rolled" through an intersection and turned right before rolling to a stop. In both traffic stops, officers found a small bag of methamphetamine where he had made his turn. In the present case, as in *Burnsed*, the most logical and probable explanation for the presence of the drugs was that the accused had frantically offloaded them while being stopped by the police. In *Burnsed*, we found that sufficient evidence supported the circuit court's determination that the appellant constructively possessed the contraband, and we find the same in the present case.

Goodson relies on *Hodge v. State*, 303 Ark. 375, 797 S.W.2d 432 (1990), and *Garner v. State*, 355 Ark. 82, 131 S.W.3d 734 (2003), in support of his argument that since the drugs were found outside of his immediate control and in a public area, there was insufficient evidence to support the circuit court's finding of constructive possession. In addition to having factual distinctions, both of those cases were appeals from *criminal convictions* and, as such, required proof of possession beyond a reasonable doubt. The State's burden of proof in the present case, a revocation proceeding, was by a preponderance of the evidence. As this court has stated, "The State's burden of proof in a revocation proceeding is less than that required to convict in a criminal trial, and evidence that is insufficient for a conviction thus may be sufficient for a revocation." *Springs v. State*, 2017 Ark. App. 364, at 3, 525 S.W.3d 490, 492. The evidence in this case proved by a preponderance of the evidence that Goodson possessed methamphetamine.

The circuit court's finding that Goodson possessed methamphetamine in violation of the terms and conditions of his SIS is supported by sufficient evidence.

Affirmed.

HARRISON and BARRETT, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.