Cite as 2026 Ark. App. 159

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-25-313

| | | |
|---|---|---|
| RYAN MICHAEL DOUGLAS | | Opinion Delivered March 4, 2026 |
| | APPELLANT | |
| | | APPEAL FROM THE SEBASTIAN |
| | | COUNTY CIRCUIT COURT, FORT |
| V. | | SMITH DISTRICT |
| | | [NOS. 66FCR-17-1294; 66FCR-21-732] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE R. GUNNER DELAY, |
| | | JUDGE |
| | | |
| | | AFFIRMED |

**MIKE MURPHY, Judge**

Appellant Ryan Douglas appeals the decision of the Sebastian County Circuit Court

revoking his suspended imposition of sentence (SIS) in two cases and sentencing him to

three years' imprisonment and a one-year SIS on one case and a four-year SIS on the other.

We affirm.

On May 7, 2018, Douglas pleaded guilty to theft by receiving a credit card, a Class D

felony, and possession of drug paraphernalia, a Class A misdemeanor. He was sentenced to

a six-year SIS for theft and a one-year SIS for possession. Then, on November 2, 2021,

Douglas pleaded guilty to new charges of breaking or entering, a Class D felony. At that same

time he also pleaded no contest to violating the terms of his previously imposed suspended

sentences. For each of these he was sentenced to two years' imprisonment followed by a four-year SIS, to run concurrently. He was paroled on August 21, 2023.

On January 21, 2024, the State filed a petition to revoke Douglas's SIS due to new charges of driving while intoxicated, refusal to submit to arrest, obstructing government operations, and driving on a suspended license. He pleaded not guilty to those charges.

On November 15, 2024, Douglas moved to suppress the evidence of his arrest in the present cases because the charges from the January 21 incident had been dismissed; the district court had found that the stop was illegal. There was never a ruling on the motion.

At the hearing on Douglas's revocation, Fort Smith Police Officer Caleb Jenkins testified about his stop of Douglas on January 21, 2024. Jenkins testified that he observed a person, later identified as Douglas, operating a moped while unable to maintain proper control. Jenkins stated that Douglas was traveling at a very low rate of speed and was leaning back and forth while kicking his legs on the ground.

Jenkins initiated a traffic stop. When asked for a driver's license or identification, Douglas provided an Arkansas identification card. Jenkins testified that Douglas's driver's license was suspended and that a driver's license is required to operate a moped. Jenkins testified that after the stop, he observed Douglas exhibit body tremors and make erratic movements. Jenkins administered standardized field sobriety tests. Jenkins testified that Douglas exhibited no clues on the horizontal-gaze-nystagmus test, four of eight clues on the walk-and-turn test, and two of four clues on the one-leg-stand test. Jenkins also administered

the modified Romberg test during which Douglas estimated that thirty seconds had passed when approximately sixty-five seconds had passed.

Jenkins testified that he transported Douglas to the police department for additional testing. A breath-alcohol test indicated no alcohol impairment. Jenkins testified that the field sobriety tests were administered again, with Officer Tucker Romesburg observing. Jenkins testified that Douglas again exhibited no clues on the horizontal-gaze-nystagmus test, six of eight clues on the walk-and-turn test, three of four clues on the one-leg-stand test, and again failed the modified Romberg test by estimating that thirty seconds had passed after approximately sixty-seven seconds.

Jenkins testified about attempts to obtain a urine sample. Jenkins testified that during the first attempt, Douglas filled the test with toilet water; it was clear and cold to the touch. He observed Douglas during the second test administration and watched Douglas turn the hot water on at the sink, fill the sample from the sink, and then place it down his pants.

Officer Tucker Romesburg also testified. Romesburg testified that he is a drug-recognition expert and that he observed Douglas display eyelid tremors, body tremors, and circular sway during testing. Romesburg testified that, on the basis of his observations, he believed Douglas was impaired by a stimulant. Jenkins also testified that he believed Douglas was impaired by a stimulant.

In closing, the State argued that Douglas violated the terms and conditions of his suspended sentence by driving on a suspended license and by operating a motor vehicle while impaired.

From the bench, the court stated that "the refusal is without a doubt the case in this instance." It found that Douglas had violated the terms and conditions of his SIS, stating that Douglas was "under the influence." Douglas now appeals.

In a revocation proceeding, the circuit court must find by a preponderance of the evidence that the defendant inexcusably violated a condition of the suspended sentence. *Springs v. State*, 2017 Ark. App. 364, at 3, 525 S.W.3d 490, 492. The revocation will be affirmed unless the circuit court's findings are clearly against the preponderance of the evidence. *Mathis v. State*, 2021 Ark. App. 49, at 3, 616 S.W.3d 274, 277. Proof of only one violation is sufficient to support revocation. *Id.* Because the State's burden of proof in a revocation proceeding is less than that required to sustain a criminal conviction, evidence that would be insufficient to support a conviction may nevertheless be sufficient to support revocation. *Springs*, 2017 Ark. App. 364, at 3, 525 S.W.3d at 492–93.

One of the terms and conditions of Douglas's suspended sentence was that he not violate any federal, state, or municipal law. The circuit court found that Douglas had violated that condition considering his conduct on January 21, 2024.

Pursuant to Arkansas Code Annotated section 5-65-103(a)(1) (Repl. 2024), it is unlawful for a person who is intoxicated to operate or be in actual physical control of a motor vehicle. "Intoxicated" includes being influenced or affected by a controlled substance to such a degree that the driver's reactions, motor skills, and judgment are substantially altered. Ark. Code Ann. § 5-65-102(4) (Repl. 2024). A motor vehicle is defined as a self-propelled, motorized vehicle capable of being operated on a roadway. Ark. Code Ann. § 5-65-102(6)(A).

Here, the circuit court heard testimony that Douglas was operating a moped (the term "scooter" was also used) on a roadway and was observed driving at a very low rate of speed while unable to maintain proper control. After the stop, Douglas exhibited body tremors and erratic movements. He displayed multiple clues on standardized field sobriety tests, including on the walk-and-turn, one-leg-stand, and modified Romberg tests. Although a breath test indicated no alcohol impairment, both officers testified that Douglas exhibited signs consistent with stimulant impairment, and Officer Romesburg, a drug-recognition expert, opined that Douglas was impaired by a stimulant. The circuit court was entitled to credit that testimony.

The court also heard evidence regarding Douglas's conduct during attempts to obtain a urine sample. The first sample returned was cold to the touch and did not appear to be urine, and during the second attempt, Jenkins observed Douglas fill the sample container with hot water from the sink. This conduct occurred after Douglas had already been transported for further testing and was part of the evidence before the circuit court. Refusal to submit to a breathalyzer test is admissible on the issue of intoxication and may demonstrate consciousness of guilt. *Lockhart v. State*, 2025 Ark. App. 216, at 9, 712 S.W.3d 372, 377. A urine test is functionally similar to a breathalyzer test, and Douglas did not just refuse to give it, he actively attempted to mislead the officers when providing the sample. The circuit court could reasonably view Douglas's conduct in providing non-urine samples as probative of impairment when considered alongside the officers' observations and testimony.

5

Douglas argues that he was found not guilty of the underlying DWI charge before the revocation hearing and that res judicata bars revocation on that basis. We are not persuaded. First, a revocation proceeding is not a criminal prosecution, and the State's burden of proof is different than in a prosecution. As noted above, evidence insufficient to sustain a criminal conviction may nevertheless support revocation. *Springs*, 2017 Ark. App. 364, at 3, 525 S.W.3d at 492–93. And second, Douglas did not make this argument before the circuit court, and he is therefore precluded from making it now on appeal. This is not a challenge to the sufficiency of the evidence; res judicata is an affirmative defense, and the argument must be developed at the trial level to be preserved. *See Faulkner v. State*, 2024 Ark. 2, 680 S.W.3d 706 (holding that an affirmative defense of former prosecution was waived on direct appeal because it was not raised or ruled on at the trial level).

Because the circuit court's finding that Douglas violated the conditions of his suspended sentence was not clearly against the preponderance of the evidence, we affirm.

Affirmed.

GLADWIN and WOOD, JJ., agree.

*Tim Cullen*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.